**Penny M. KNAUB and Daniel R. Bowen, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3-878A193.**

Court of Appeals of Indiana, Third District.

Sept. 5, 1979.

Rehearing Denied Oct. 9, 1979.

Morrison & Humphrey, Jere L. Humphrey, Plymouth, for appellants.

Theo. L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

A jury found Penny M. Knaub and Daniel R. Bowen guilty of visiting a common nuisance, and it found Knaub guilty of possession of marijuana. Each of the convic-

tions was based solely on physical evidence seized pursuant to a search warrant, the validity of which Knaub and Bowen challenged both at trial and in this appeal.

The statutory requirements for the issuance of a search warrant are set forth in IC 1971, 35–1–6–2 (Burns Code Ed., 1975):

"No warrant for search or arrest shall be issued until there is filed with the justice of the peace, judge of any city court or magistrate's court or the judge of any court of record, an affidavit, particularly describing the house or place to be searched and the things to be searched for, or particularly describing the person to be arrested, and alleging substantially the offense in relation thereto, and that the affiant believes and has good cause to believe that such things as are to be searched for are there concealed, or that the person to be arrested committed said offense, and setting forth the facts then in knowledge of the affiant or information based on credible hearsay, constituting the probable cause. *When based on credible hearsay, the affidavit shall contain reliable information supplied to the affiant by a credible person, named or unnamed, and it shall contain the following:*

(a) Affirmative allegations that the credible person spoke with personal knowledge of the matters contained therein.

(b) The facts within the personal knowledge of the credible person.

(c) *The facts within the affiant's knowledge as to the credibility of the credible person.*

"An affidavit for search substantially in the following form shall be deemed sufficient:

> State of Indiana, ) ss:
> County of _____ )

A.B. Swears (or affirms, as the case may be) that he believes and has good cause to believe (here set forth the facts and information constituting the probable cause) that (here describe the things to be searched for and the offense in relation thereto) are concealed in or about the (here describe the house or place) of C.D., situated in the county of _____, in said state.

Subscribed and sworn to before me this ____ day of _____, 19____.

"An affidavit upon which to base an arrest substantially in the form described in section 171 [repealed] of this act, as amended, shall be deemed sufficient." (Our emphasis.)

Appellants were arrested after a search of the mobile home in which they were present yielded marijuana and a number of items bearing marijuana residue. The warrant authorizing that search reads, in its entirety, as follows:

"STATE OF INDIANA

SS:

MARSHALL COUNTY

TO: ANY CONSTABLE, POLICE OFFICER, SHERIFF OR CONSERVATOR OF THE PEACE

"GREETINGS: WHEREAS, there has been filed with me an affidavit of which the following is a copy:

### AFFIDAVIT

Julian Keiser, being first duly sworn upon his oath, deposes and says:

IN THE ARGOS TOWN COURT

OF _____

TOWNSHIP

1. That he is a duly authorized and acting officer of the Indiana State Police Department, Marshall County, Indiana.

2. That on 3/9/77, at about 8:30 p. m., Alvin Hernandez was arrested in Plymouth, Indiana, and charged with possession of a controlled substance, to-wit: marijuana.

3. After being first duly advised of his rights on 3/14/77, Alvin Hernandez

made a statement to the undersigned and Officer Roger Smiley admitting his possession of marijuana. During the confession Hernandez told the undersigned that he was in an automobile on 3/9/77 during the noon lunch break from high school with Ron Murphy and Glenda Williams. He advised that he observed Glenda Williams walk to "Butch" Gibson's trailer near the river in Plymouth, Indiana, and buy two bags of marijuana, one for $25.00 and the other for $5.00. He stated that he personally observed her enter the trailer and return with the two bags.

4. Hernandez further told the undersigned during his confession that he has been associated with Rubin Vela on several occasions and obtained marijuana from him stating that he sold for his brother. Rubin Vela also stated, according to Hernandez, that he had obtained marijuana from Gibson.

5. The undersigned believes the information furnished by Hernandez to be truthful and accurate for the reason that he was admitting his own guilt and it was in the nature of an admission against interest.

6. Alvin Hernandez described the trailer where he observed the marijuana being purchased by Glenda Williams and the undersigned has personally observed the mobile home which is described as: aqua and white mobile home located next to a house marked 324 East Washington, which house is a green house. The mobile home is further described as sitting north and south with the entrance on the east side, with an awning-type porch in Plymouth, Marshall County, Indiana.

"WHEREFORE, the undersigned prays that a search warrant issue to search the premises described hereinablve [sic] for said goods and chattels.

/s/ Trp. Julian G. Keiser # 1893
AFFIANT

"Subscribed and sworn to before me this 14th day of March , 1977.

/s/ Jerry L. Wilhelm

"You are therefore commanded in the name of the State of Indiana, with the necessary and proper assistance, in the daytime or in the nighttime to enter into or upon the premises described in said affidavit and there diligently search for said goods and chattels, to-wit: in said affidavit described and that you bring the same, or any part thereof found on such search forthwith before me at my office, to be disposed of according to law. Given under my hand this ____ day of March , 1977.

/s/ Jerry L. Wilhelm"

Appellants argue that the affidavit set out therein fails to state facts which disclose an adequate basis for concluding that the informant, upon whose statements the affiant bases his belief that probable cause exists, was a credible person. Thus, they conclude that the warrant was invalid and that the trial court was bound to grant their motion to suppress the items seized.

The State, on the other hand, maintains that the credibility of the informant Hernandez is affirmatively established because his (Hernandez') statement constituted a declaration against his penal interest.

While at least one Indiana case has impliedly held that the fact that the information given by an informant constituted a declaration against penal interest was sufficient to support the informant's credibility for the purpose of establishing probable cause,[1] there has been no case which directly addressed the question. Moreover, two recent decisions have held (in other contexts) that declarations against penal interest do not possess such indicia of trustworthiness so as to justify admitting them into evidence under an exception to the general rule excluding hearsay. *See: Taggart v. State* (1978), Ind., 382 N.E.2d 916, at 918–919; *McPherson v. State,* (1978), Ind.App., 383 N.E.2d 403, at 408–412. A resolution of this apparent conflict is, however, unneces-

---

1. *See: Ross v. State* (1978), Ind., 376 N.E.2d 1117, at 1119.

sary to the decision in the instant case for the reasons which follow.

■ In making the determination of whether the facts stated in an affidavit adequately support a finding that the informant is indeed credible, this Court may not look beyond the affidavit itself. *Madden v. State* (1975), 263 Ind. 223, at 228, 328 N.E.2d 727, at 730. *See also: Holtel v. State* (1972), 155 Ind.App. 1, at 8, 290 N.E.2d 775, at 779. Consequently, if there are facts within the affiant's knowledge which support the credibility of Hernandez, they must appear upon the face of the affidavit set out above.

■ Although Hernandez' admission of possession of marijuana may arguably be more reliable because it is a declaration against his penal interest, the same cannot be said about his statements regarding the sale of marijuana to Glenda Williams at the trailer. While it is true that the affidavit *refers* to Hernandez' admission of possession, that admission is in no way made to appear related to the information upon which probable cause to search was based, i. e., the information regarding the marijuana sale. Nowhere in the affidavit are there facts which show that Hernandez admitted participating in that sale in any way; rather, the facts set out plainly show that he had nothing to do with that transaction. As a result, even if this Court were to hold that a declaration against penal interest supplies sufficient assurance that the information provided by an informant is credible, the credibility of Hernandez' statements regarding that sale is not supported by facts in the affidavit which show such a declaration in this case.

Where, as here, an affidavit based upon information from an allegedly credible person fails to disclose (as required by statute) facts from which a determination of that person's credibility can be made, that affidavit cannot serve as the foundation for a valid search warrant. *Madden, supra,* at

328 N.E.2d 731. Consequently, the court below erred when it denied appellants' motion to suppress.[2]

Accordingly, the judgment below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.

2. It is worthy of note that the affidavit in this case was deficient in two additional ways. It failed to particularly describe the things to be searched for, and it failed to allege that the affiant believes and has good cause to believe that the things to be searched for are concealed in the place to be searched. See: IC 1971, 35–1–6–2 (Burns Code Ed., 1975).