**Carl Edward MICKENS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 981S268.**

Supreme Court of Indiana.

Sept. 3, 1982.

Richard L. Tandy, Greenwood, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Carl Edward Mickens, the defendant-appellant, was convicted of burglary, a class B felony, Ind.Code Ann. § 35–43–2–1 (Burns 1979), and was found to be an habitual offender, Ind.Code Ann. § 35–50–2–8 (Burns 1979). He was sentenced to a term of forty-seven years in prison.

This appeal follows the denial of a motion to correct error and raises three issues:

(1) Whether the trial court improperly admitted into evidence photocopies of fingerprints to prove the habitual offender charge, and whether there was sufficient evidence of past felony convictions to support the habitual offender finding.

(2) Whether there was sufficient evidence to support the burglary conviction.

(3) Whether the defendant was denied his right to a speedy trial.

The evidence, viewed in the light most favorable to the prosecution, reveals that on March 27, 1980, the defendant broke into the home of Agnes Clapp while she was away, ransacked a bedroom of the house, filled a pillowcase with items from the house, but left it in the garage, fled the house upon seeing Clapp driving up the driveway, and left in his car after having a brief conversation with Clapp.

I.

The defendant claims that photocopies of fingerprint cards offered by the State to prove that he was the same Carl Edward Mickens who had accumulated two prior, unrelated felony convictions, were admitted

without a proper foundation and that the defense had no opportunity to "cross-examine" the photocopies. At issue are the State's exhibits on the habitual offender charge, H. O. 1 through H. O. 6. The defendant first challenges H. O. 3 and H. O. 4. The record contains photocopies of H. O. 3 including photocopies of a certified copy of an indictment bearing cause number CR 70–334 charging Carl Mickens with robbery in 1970, and of a certified copy of minutes of the Criminal Court of Marion County carrying the same cause number and showing the court's conviction and sentencing of Carl Mickens on the robbery charge. The record also contains photocopies of the contents of H. O. 4 including photocopies of a certified copy of an indictment charging Carl Mickens with possession of a narcotic drug in 1971, and a certified copy of minutes of the Marion County Criminal Court showing the conviction and sentencing of Carl Mickens on the charge. The defendant argues that the State through these exhibits did no more than prove that a person or persons named Carl Mickens had been convicted of the two felonies, but failed to prove that the defendant was the same person as the Carl Mickens named in the exhibits. If these were the only proofs, the defendant would prevail. The record also contains, however, Exhibits H. O. 5 and H. O. 6. H. O. 5 consisted of photocopies of the record of Carl Mickens at Indiana State Farm, including commitment papers relating to cause number CR 70–334, and photocopies of fingerprints and photographs of Carl Mickens taken at the State Farm. They are certified by the keeper of records at the State Farm as true and correct copies of the record maintained at that institution. H. O. 6 contains photocopies of the record of Carl Edward Mickens at Indiana State Prison, including photocopies of photographs, fingerprint cards, and commitment papers relating to cause number 76–323 B, and showing a conviction and sentence for possession of heroin in 1976. They are certified by the keeper of the records as true and correct copies of the record maintained at the state prison. Fingerprint expert witness David Cashdollar testified for the prosecution that fingerprints taken from the defendant were the same as those found in H. O. 5 and H. O. 6.

The defendant argues that the State offered no testimony concerning the accuracy of the fingerprint photocopies and that as a result the habitual offender proceedings violated the standard for accuracy of photographs of fingerprints set forth in *Collins v. State*, (1981) Ind., 415 N.E.2d 46. *Collins*, however, was concerned not with photocopies but rather with the problem of accuracy of enlargements from photographic negatives introduced to prove the commission of a crime, and we held that testimony of an expert witness that an enlargement was an accurate representation of the original fingerprints lifted from an object that the defendant allegedly attempted to steal provided a sufficient foundation for its admission into evidence.

The defendant also relies on *Bergner v. State*, (1979) Ind.App., 397 N.E.2d 1012. In that case the Court of Appeals reviewed the law on the question of the foundation necessary for admission of photographs admitted to prove the commission of a crime, and held that substantive photographic evidence, that is, photographs that "speak for themselves" such as X-rays and photographs taken by automatic cameras, is admissible upon proof that the photographs were not altered in any significant respect.

■ The evidence at issue here consists of certified photocopies of official records kept by the Indiana Department of Corrections. It is evidence not of substantive crimes but of the original records on file, offered for the purpose of proving identity. The certified copies offered in evidence comport with the requirements of Ind.R. Tr.P. 44 relating to proof of official records, and the defendant addresses no argument to the proposition that the rule was not complied with or is in some way defective. Trial Rule 44 provides:

"(1) Domestic. An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Pan-

ama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

The rule rationally balances the interest in assuring that copies of official records are authentic reproductions of the original documents kept on file, with the interest in obviating the onerous procedure of requiring the keeper of the records to appear at trial merely to testify that an exhibit is a photocopy of an official record. Trial Rule 44 is based on the inherent trustworthiness of official records and the inherent reliability of the photocopying process. Furthermore, the defendant had the opportunity to probe the accuracy of the reproduction by subpoenaing the keepers of the records, but did not avail himself of it. Trial Rule 44 having been strictly complied with, the photocopies were properly admitted.

■ The defendant's second point under this issue being premised on the proposition that the fingerprint photocopies were inadmissible, there is no merit to his claim that there was insufficient evidence to identify the defendant as the same Carl Mickens who was twice convicted of unrelated felonies. The testimony of the fingerprint expert summarized above linked the defendant and the Carl Mickens whose records were introduced into evidence, and there was sufficient evidence from which the jury could conclude that the defendant was an habitual offender.

II.

■ The defendant next claims that there was insufficient evidence to prove the commission of a burglary. He asserts that the State's case was founded solely on circumstantial evidence which went no further than to establish that he was present at the scene of the crime, and which merely raised the suspicion that he committed the crime. On appeal of verdicts based on circumstantial evidence the reviewing court must determine "whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence." *Bruce v. State*, (1980) Ind., 375 N.E.2d 1042, 1080. The defendant claims that the jury failed to exercise its duty to exclude every reasonable hypothesis of innocence since a reasonable explanation for his presence at the scene of the crime was brought out at trial, and that reasonable minds could not have reached the inferences drawn by the jury.

■ The evidence showed that a door to Clapp's house was broken, that the house had been entered and ransacked, and that items from the house had been placed in a pillow case and left in the garage. Clapp testified that when she drove up her driveway, she saw a car pull out from a grassy area behind her garage. There was evidence that tire marks were found in this area by police. Clapp approached the driver of this car and engaged him in a short conversation during which the driver explained that he was looking for a person who was selling a car. As he left, Clapp wrote down the license number of the car. The defendant was later found driving the car. The crime of burglary is defined as follows:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious

bodily injury to any other person." Ind. Stat.Ann. § 35–43–2–1 (Burns 1979).

Reasonable minds could have made the inference that the person who broke and entered Clapp's house, ransacked the bedroom, and placed jewelry and other items from the house in a pillowcase, broke and entered the dwelling of another with intent to commit a felony, and that that person was the defendant. The jury was not bound to believe the defendant's explanation of his presence at the scene of the crime.

There was sufficient evidence to convict the defendant of burglary.

### III.

On January 16, 1981, the defendant filed with the court an Objection to Continuance and Motion for Discharge based on his past requests for a speedy trial. The motion for discharge was denied and the continuance sought by the State was granted. On September 25, 1980, the defendant had filed a request for a speedy trial. A second request for a speedy trial had been filed on November 19, 1980, following the defendant's rejection of a plea agreement.

The case law governing motions under Ind.R.Crim.P. 4 requires that the movant maintain a position reasonably consistent with the request that he has made. *Rutledge v. State*, (1981) Ind., 426 N.E.2d 638; *Utterback v. State*, (1974) 261 Ind. 685, 310 N.E.2d 552. The defendant abandoned his September speedy trial motion by pursuing plea negotiations and by making the November motion, rather than by seeking discharge on the basis of the September motion. Thus the denial of the motion for discharge must be reviewed in the light solely of the November 19 motion. That motion is in general terms and does not refer to the January 26 trial date that had been set by the court on November 17, 1980. In any event, the January 16, 1981 motion for discharge was not timely because the seventy-day period triggered by the November 19 motion ended January 28, 1981, and the trial court did not err in denying it. Furthermore the objection to the continuance was not well-founded, since the State showed that a witness was unavailable because he required surgery. Thus the ultimate trial setting of February 9, 1981 was not a denial of the defendant's speedy trial right since the court had the discretion to set the trial beyond the seventy-day time limit under the provisions of Criminal Rule 4(d).

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.