**Bill WILLIAMS, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. PS 474.**

Supreme Court of Indiana.

Dec. 21, 1982.

Bill Williams, appellant pro se.

Linley E. Pearson, Atty. Gen. of Ind., William E. Daily, Deputy Atty. Gen., Chief Counsel, Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner (Appellant) was first convicted in 1978 of rape of a child under twelve years of age, sodomy and incest. On direct appeal, all of his numerous assignments of trial court error were determined to be without merit, save one. We reversed the judgment of the trial court for the trial court's error in failing to read the final instructions to the jury. *Williams v. State,* (1978) 269 Ind. 430, 381 N.E.2d 458.

Upon retrial, in April of 1979, the petitioner was again convicted of the same three offenses and was sentenced to life imprisonment, two (2) to fourteen (14) years and two (2) to twenty-one (21) years. Those convictions were affirmed in his direct appeal reported at 406 N.E.2d 241.

By his petition for post conviction relief from the second judgments, Petitioner presented fourteen issues. Following an evidentiary hearing, the hearing judge filed his findings of facts and conclusions from which it appears that the law was with the State and against Petitioner, that seven of such issues had been waived as grounds for post conviction relief because available and not presented upon the direct appeal, that three of such issues were not such as would, if found in Petitioner's favor, entitle him to relief and that Petitioner had failed to carry his burden of proof upon four of such issues.

Proceeding *pro se,* Petitioner has presented a morass of assorted accusations, legalistic maxims and miscellaneous citations which collectively disclose his unmitigated ignorance of the limitations of post conviction and appellate proceedings. We, nevertheless, have determined, with considerable difficulty and at great expense of judicial time, that Petitioner seeks reversal of the post conviction judgment upon the basis of the following alleged errors:

I

 His arrest was unlawful, having been made without a warrant or probable cause. Searches, if any, were also unlawful for the same reason. Errors, if any, under this claim were not available in the post conviction proceedings but, if meritorious, were required to be claimed at trial and presented on the direct appeal. Further, there is no claim that any evidence came in at trial by virtue of either his arrest or any search.

II

 His attorney on direct appeal was incompetent or uncooperative and ineffec-

tive in that he failed or refused to present the issues of "(1) No probable cause for arrest. 2. Unlawful arrest without a warrant. 3. Unlawful search and seizure of my home without a search warrant, of probable cause and the kidnapping of my five children without an arrest warrant or search warrant. 4. All evidence used to convict me was a product of that illegal search and seizure, Thus being 'Fruits of the Poisoned Tree.'"

Again, there has been no showing that any evidence whatever was adduced by virtue of any arrest or search, which undoubtedly explains counsel's reluctance to press the point. We also note Petitioner's acknowledgment that such issue was presented in his first direct appeal, without success.

### III

That he was denied the benefit of certain witnesses at the Post Conviction Hearing. The record presented does not disclose that he was denied his right to compulsory process for any witness that may have been desired and available.

### IV

That he was denied the right to cross examine the State's witness, Miss Sunny Weed and others unnamed. The record does not disclose that Sunny Weed testified, nor does it reveal that he was denied any right to cross examine any of the State's witnesses.

### V

 That he was twice placed in jeopardy for the same offenses. In this respect, Petitioner refers to his retrial following our reversal of his first conviction. Retrial after reversal on appeal, under the circumstances of this case is not proscribed by the double jeopardy provisions of either our State or Federal Constitution, and the proposition is so well recognized as to require no citation of authority.

### VI

That he was convicted under an ex post facto law. Defendant was convicted under statutes in effect at the time his crimes were committed. If those statutes were amended thereafter, he was nevertheless subject to prosecution.

### VII

That he was wrongfully sentenced for rape by force whereas he was convicted of statutory rape. The fact that the victim was under the age of sixteen years does not render the offense per se statutory rape. The evidence disclosed that she was both under sixteen and forced.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.