**Clifford GEE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 584S162.**

Supreme Court of Indiana.

Dec. 26, 1984.

Susan K. Carpenter, Public Defender of Indiana, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner Clifford Gee was convicted of inflicting physical injury in the commission of a robbery and was sentenced to life imprisonment. Upon appeal to this Court his conviction was affirmed. *Gee v. State,* (1979) 271 Ind. 28, 389 N.E.2d 303. Appellant filed a petition for post-conviction relief under Ind.R.P.C. 1, which was denied January 25, 1983. He now appeals denial of that petition.

Petitioner's sole assertion on this appeal is that his arrest was unlawful and in violation of his Constitutional rights, and as such any evidence derived from the arrest should not have been admitted at trial.

The facts as they were stated on direct appeal are as follows:

"... The crime involved the robbery of a Hallmark Card shop in which Joan Sipes, an employee of that store was beaten. The robber entered the store and said he was looking for an anniversary gift. He picked up a glass enclosed flower and brought it to the counter. Mrs. Sipes rang up the sale and as she was reaching for the wrapping paper, the man drew a metal bar about 14–18 inches long from his canvas backpack and hit her over the head. He took money from the cash drawer and put it in his pack, and took money from Mrs. Sipes' purse. He then beat her on her arms, hands and head. The robber left and she went next door for help. Muncie police officers arrived at the scene within minutes and took Mrs. Sipes to the hospital where she was admitted. After a call from an informant a search warrant was issued, police searched Gee's apartment and arrested him on August 12."

*Id.*

Upon execution of the search warrant, police found a metal bar, eyeglasses, knapsack, and fatigue type clothing described by eyewitnesses. Furthermore, Petitioner fitted the description given by these eyewitnesses. Petitioner was arrested promptly and taken to the police department where fingerprinting, photographing, and a trace metal test were conducted. The photograph thereafter was shown to the victim with a group of other photographs. Petitioner's photograph was later introduced at trial. At trial there was testimony that Petitioner's fingerprints, taken at the station, were the same as a finger-

print found on a glass enclosed flower which was at the Webb's card shop. There also was testimony at trial that, based upon the results of the trace metal test, Appellant had held a metal bar or a metal bar type object in both hands. Appellant argues the arrest on August 12, 1977 was unlawful because the police neither had an arrest warrant nor probable cause to arrest him at that time. Appellant claims, accordingly, the photograph, trace test, and fingerprints were all tainted and inadmissible as evidence.

 As the State correctly points out, a post-conviction relief proceeding is not a substitute for trial and appeal, but is rather a process for raising issues which were unknown or not available at trial. *Ross v. State*, (1983) Ind., 456 N.E.2d 420. The failure to raise issues of unlawful arrest or the admission of evidence seized as the result of such arrest before and during trial and on direct appeal precludes the consideration of these issues in a post-conviction proceeding. *Williams v. State*, (1982) Ind., 442 N.E.2d 1063; Ind.R.P.C. 1. However, the trial court held that the petition raised a question of fundamental error. We do not agree, but will address the issue raised by Petitioner nonetheless.

The police officers had probable cause to arrest Petitioner because they had found several items described by eyewitnesses in his home and he also fitted the description given by the eyewitnesses. It is well settled that probable cause to arrest without an arrest warrant exists if the facts and circumstances known to the officer would warrant a man of reasonable caution to believe that the accused has committed the criminal act in question. *Funk v. State*, (1981) Ind., 427 N.E.2d 1081, *reh. denied; Benton v. State*, (1980) 273 Ind. 34, 401 N.E.2d 697. In *Pierce v. State*, (1977) 267 Ind. 240, 369 N.E.2d 617, we found that although Pierce was taken into custody pursuant to an invalid arrest warrant, the officers were aware of sufficient facts and circumstances which justified a warrantless arrest. In this case the arresting officers found fatigue type cloth-

ing, a knapsack, eyeglasses, and metal bar, all of which were described in the search warrant, in Petitioner's home. Furthermore, Petitioner's body was specifically subjected to a search in the warrant, and Petitioner fit the description of the perpetrator. Clearly, the police had probable cause to arrest Petitioner. The photograph, fingerprints, and trace test results were, therefore, properly admitted into evidence.

The trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.