Bill **WILLIAMS**, Petitioner,

v.

Jack R. **DUCKWORTH**, Indiana Attorney General, Respondent.

No. 84–368.

United States District Court, N.D. Indiana, South Bend Division.

Feb. 1, 1985.

Bill Williams, pro se.

Linley Pearson, Indiana Atty. Gen. by Robert B. Wente, Deputy Atty. Gen., Indianapolis, Ind., for respondent.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by Bill Williams, an inmate incarcerated at the Indiana State Prison, Michigan, City, Indiana. The matter is now before this court on respondents' motion to dismiss, filed as part of their Return to Order to Show Cause. In accord with the dictates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court. Both sides having briefed their respective positions, this petition is now ripe for ruling.

Petitioner was convicted in a state court jury trial of rape, incest and sodomy in 1977. The Supreme Court of Indiana reversed and remanded on direct appeal because the state trial judge had handed the jury instructions to the foreman instead of reading them in open court. *Williams v. State*, 269 Ind. 430, 381 N.E.2d 458 (1978). Petitioner was retried by a jury and was again convicted on all three charges. He was sentenced in May of 1979 to life on the rape count, 2–14 years on the sodomy count, and 2–21 years for incest. On the second direct appeal to the Supreme Court

of Indiana, the convictions were unanimously affirmed in a published opinion at *Williams v. State,* 273 Ind. 547, 406 N.E.2d 241 (1980).

Petitioner next filed a post-conviction relief petition on September 16, 1980. A hearing was held on December 30, 1980 and March 6, 1981. The petition was denied on March 11, 1981. Petitioner filed an appeal on the denial of the post-conviction petition with the Supreme Court of Indiana on December 21, 1983, the trial court was upheld on the denial of the post conviction petition, unanimously, in a published opinion at 442 N.E.2d 1063 (1982).

Petitioner raises the following issues in this application for habeas relief:

1. Fourth Amendment to the United States Constitution.

2. Fifth Amendment to the United States Constitution. Denied the right to a court hearing on D.D. or never was afforded a hearing on such charge.

3. Sixth Amendment to the United States Constitution.

4. Fourteenth Amendment to the United States Constitution. Petitioner's rights to a fair trial has been violated by the warrantless arrest.

## I.

In petitioner's second direct appeal to the Supreme Court of Indiana, he raises the following issues as found in the Brief filed by his counsel.

1. Whether the jury's verdict is contrary to law and is not sustained by sufficient evidence of a substantive nature to prove beyond a reasonable doubt every material element of the crimes of which he was convicted and because throughout the trial defendant Williams was denied his lawful presumption of innocence.

2. Whether the Court erred in allowing witnesses to testify as to certain events over defendant Williams' objection that said testimony should be excluded as not complying with defendant's alibi notice.

In his post-conviction relief petition the petitioner raised the following issues:

1. His arrest was unlawful, having been made without a warrant or probable cause.

2. His attorney on direct appeal was incompetent or uncooperative and ineffective in that he failed or refused to present certain issues.

3. He was denied the benefit of certain witnesses at the Post-Conviction Hearing.

4. He was denied the right to cross-examine the State's witness, Miss Sunny Weed and others unnamed.

5. That he was twice placed in jeopardy for the same offenses.

6. That he was convicted under *ex post facto* law.

7. That he was wrongfully sentenced for rape by force whereas he was convicted of statutory rape.

## II.

Petitioner has requested an evidentiary hearing on his habeas petition. The standard for determining the necessity of an evidentiary hearing have been well set forth in 28 U.S.C. § 2254 and *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Essentially, the statute declares that an evidentiary hearing in federal habeas proceedings are necessary *only* when the petitioner establishes or the respondent admits, or it "otherwise appear[s], that the State court's determinations of factual questions evidenced by written findings lack sufficient indicia of reliability." *Wickliffe v. Duckworth,* 574 F.Supp. 979 (N.D.Ind.1983). In *Rogers v. Israel,* 746 F.2d 1288 (7th Cir.1984), the Seventh Circuit held:

Where material facts were not adequately developed at the state court hearing, the petitioner is entitled, under both 28 U.S.C. § 2254(d) (1982) and *Townsend v. Sain,* 372 U.S. 293 [83 S.Ct. 745, 9 L.Ed.2d 770] (1963), to an evidentiary hearing in federal district court, provided that the failure to develop the state court record was not due to inexcusable neglect or deliberate bypass. *See Thomas v. Zant,* 697 F.2d 977, 983–86 (11th Cir.

1983). *See generally United States ex rel Jones v. Franzen,* 676 F.2d 261, 268–70 (7th Cir.1982) (Posner, J., concurring). Thus, in order to obtain this federal hearing, a defendant must show the district court that the undeveloped facts were material and that there was no inexcusable neglect or deliberate bypass in failing to develop these facts. *Thomas v. Zant,* 697 F.2d at 988. (footnote omitted)

Here, the petitioner has failed to show that the State court's determinations of factual questions evidenced by the well developed record lack sufficient indicia of reliability. Petitioner has further failed to show this court what facts are in dispute or what facts he would present to this court and for what purpose. Therefore, petitioner's request for an evidentiary hearing is denied.

### III.

Petitioner challenges his conviction because he claims that his arrest, the search of his home, and the removal of his children were all done without warrants and the evidence used at trial from these events was inadmissible. He also claims that he was arrested for a charge of D.D. and lodged in jail without ever being tried on said charge.

This court will address the claim of the charge of D.D. which allegedly was never brought to trial. This claim has nothing to do with his present incarceration. The claim is irrelevant to this proceeding. 28 U.S.C. § 2254. (They *might* afford some relief under 42 U.S.C. § 1983, a matter not here at issue).

With regard to petitioner's claim of illegal arrest, search and removal of his children from his home, petitioner appears to have raised this issue in his post-conviction petition which was denied, and then affirmed on appeal. The Supreme Court of Indiana held that if any errors under this claim were meritorious, petitioner was required to claim them at trial and present them on appeal. These claims were not available to petitioner in a post-conviction petition. The Court further found that petitioner did not claim that any evidence came in at the trial by virtue of either his arrest or any search.

An oft-cited and well known requirement in the bringing of a habeas petition is that it is axiomatic that the petitioner exhaust his available state remedies. Exhaustion of state remedies is considered to be a procedural prerequisite to the consideration of a habeas corpus claim by a federal court. 28 U.S.C. § 2254(b) and (c); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Comity requires that prior to presentation of an issue to the federal courts by way of habeas corpus, that issue must first have been exhausted in the state courts to the extent that state court remedies are available. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The Court in *Picard v. Connor, supra,* held:

> We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," *Ex Parte Royall, supra,* 117 U.S. [241] at 251, 6 S.Ct. [734] at 740 [29 L.Ed. 868], it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal court.

For an issue to have been fairly presented to the state courts, that issue must be put before the state courts in a manner such that the constitutional issue is clear. *Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). There is no exception for a "clear" constitutional violation. *Duckworth v. Serrano, supra.*

Comity further cautions against a federal court interfering with a state court in a matter, absent an actual abuse or discrimination. *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

> The objection is to unwarranted anticipatory interference in the state criminal process by means of continuous or piecemeal interruptions of the state proceed-

ings by litigation in the federal courts; the object is to sustain "[t]he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." *Stefanelli v. Minard*, 342 U.S. 117, 120, 72 S.Ct. 118, 120, 96 L.Ed. 138 (1951). (footnote and other citations omitted) *Id.*, at 500, 94 S.Ct. at 678.

The Supreme Court has extended the exhaustion doctrine to include the "complete exhaustion" rule which requires the petitioner in a habeas action to exhaust remedies on all issues presented in the petition for habeas relief. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In *Rose*, the Court held:

> Where a petition containing exhausted and unexhausted claims is presented to a federal district court, that court must dismiss the petition, thus giving the prisoner the option of returning to state court to litigate his unexhausted claims or amending his district court petition to delete them.

*See also, Petrucelli v. Coombe*, 735 F.2d 684 (7th Cir.1984). The *Rose* Court, thus, held that the requirement [the exhaustion requirement] is inflexible, mandating that even "mixed" petitions, i.e., those presenting both exhausted and unexhausted claims be dismissed.

However, if a remedy is no longer available because of petitioner's failure to comply with state procedural rules, then he has "procedurally defaulted" on said claims. *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983). The issue of the effect of a statute procedural default upon a federal habeas claim has been the focal point of much consideration by the federal courts. The Supreme Court of the United States has held: "We must determine, therefore, whether respondents may litigate, in a federal habeas proceeding, a constitutional claim that they forfeited before the state courts." *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) when considering the affect of applying a procedural default as a bar to a constitutional claim stated: "We recognize that these costs are particularly high when a trial default has barred a prisoner from obtaining adjudication of his constitutional claim in the state courts. In that situation, the trial court has had no opportunity to correct the defect and avoid problematic retrials. The defendant's counsel, for whatever reasons, has detracted from the trial's significance by neglecting to raise a claim in that forum." The Court also realized the consequences of the intervention of federal courts in the process of the state criminal proceedings and further stated, "The state appellate courts have not had a chance to mend their own fences and avoid federal intrusion. Issuance of a habeas writ, finally, exacts a charge by undercutting the State's ability to enforce its procedural rules." *Id.*, at 129, 102 S.Ct. at 1572. Unless the petitioner can show "cause" for not advancing the arguments he now raises at the state level and the resulting "prejudice" he has procedurally defaulted on those claims. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1976). Failure to raise claims on direct appeal which could be raised, but are not, are considered waived for purposes of the Indiana post-conviction remedy. *Greer v. State*, 262 Ind. 622, 321 N.E.2d 842, 844 (1975).

In *Engle v. Isaac, supra*, the Court applying the *Sykes* test of "cause" and "prejudice" to a state procedural default in a federal habeas petition stated, "These considerations supported our *Sykes* ruling, that, when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and prejudice.

The Supreme Court of Indiana addressed petitioners' claim of illegal arrest, search and usage of information garnered from said illegal acts in the appeal of the denial of petitioner's Post-Conviction Petition and held, at 442 N.E.2d 1063 (1982):

> His arrest was unlawful, having been made without a warrant or probable cause. Searches, if any, were also un-

lawful for the same reason. Errors, if any, under this claim were not available in the post conviction proceedings but, if meritorious, were required to be claimed at trial and presented on direct appeal.

Petitioner has defaulted on these claims because he has never afforded the State a fair opportunity to address these claims since he failed to comply with state procedural process. This court will not undercut the State's procedural rules without a showing of cause and prejudice, which this petitioner has failed to do.

## IV.

▮ Petitioner claims that his Sixth Amendment right to counsel was violated when he was not appointed counsel during the time of his indictment until his arraignment. After a painstaking review of the entire record, nowhere does it show that the petitioner ever presented this argument to the Indiana courts. Petitioner did raise an issue of counsel competence during his appeal. However, the issue before this court, in particular was never fairly presented to the state courts. This court has addressed the issue of exhaustion above and will not reiterate the well known concept of exhaustion of State remedies. Petitioner has failed to exhaust his remedies as to this claim and thus, has presented a "mixed" petition under *Rose v. Lundy, supra.*

The Supreme Court of Indiana addressed petitioner's issue regarding the incompetence, uncooperative and ineffective counsel issue in the post-conviction petition denial appeal. Therein the Court held:

His attorney on direct appeal was incompetent or uncooperative and ineffective in that he failed or refused to present the issues of "1. No probable cause for arrest. 2. Unlawful arrest without a warrant. 3. Unlawful search and seizure of my home without a search warrant, of probable cause and the kidnapping of my five children without a arrest warrant or search warrant. 4. All evidence used to convict me was a product of that illegal search and seizure, thus being 'Fruits of the Poisoned Tree.' "

Again, there has been no showing that any evidence whatever was adduced by virtue of any arrest or search, which undoubtedly explains counsel's reluctance to press the point. We also note Petitioner's acknowledgment that such issue was presented in his first direct appeal, without success.

▮ The burden of demonstrating ineffectiveness of counsel amount to a deprivation of constitutional rights is on the petitioner. *Matthews v. United States,* 518 F.2d 1245 (7th Cir.1975).

▮ The petitioner has failed to carry his burden of proof. Further, the petitioner has failed to comply with state procedural rules and thus, has procedurally defaulted as to those claims.

Assuming arguendo, that petitioner has not procedurally defaulted on his claims of denial of counsel, the petitioner must show that he was denied counsel during a critical stage of the criminal process.

Petitioner's indictment was submitted to the trial court on November 4, 1976, which was followed by an arrest warrant being issued. On November 16, 1976, attorney Rose filed his appearance on behalf of the petitioner. The arraignment was reset for November 22, 1976.

The Supreme Court in *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1970) has held that an accused has the right to counsel at every "critical stage" of the legal process:

This Court has held that a person accused of crime "requires the guiding hand of counsel at every step in the proceedings against him." *Powell v. Alabama,* 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77·L.Ed. 158 (1932), and that that constitutional principle is not limited to the presence of counsel at trial. "It is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a

fair trial." *United States v. Wade, supra*, 388 U.S. [218] at 226, 87 S.Ct. [1926] at 1932 [18 L.Ed.2d 1149]. Accordingly, "the principle of *Powell v. Alabama* and succeeding cases requires that we scrutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *Id.*, 388 U.S. at 227, 87 S.Ct. at 1932. (Court's emphasis.) (For a most recent application of these concepts see *Evitts v. Lucey*, ⎯ U.S. ⎯, 105 S.Ct 830, 83 L.Ed.2d 821 (1985) in different context)

The petitioner has not shown this court that he was denied the assistance of counsel at a "critical stage" of his criminal proceedings as established in *Coleman v. Alabama, supra.*

The Seventh Circuit Court of Appeals in *Crisp v. Duckworth*, 743 F.2d 580 (7th Cir.1984), held:

*Strickland v. Washington*, [⎯ U.S. ⎯], 104 S.Ct. 2052 [80 L.Ed.2d 674] (1984), established a two-prong test for determining whether a conviction must be set aside due to ineffective assistance of counsel. The defendant must show that his attorney's representation "fell below an objective standard of reasonableness," *id.* at 2065, and that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 2068.

Though we examine each example of incompetence individually, we must also consider their cumulative effect in light of the totality of circumstances. *Strickland, supra.* (cites omitted)

The Seventh Circuit has also held in *United States of America ex rel. Huckstead v. Greer*, 737 F.2d 673 (7th Cir.1984):

The Constitution guarantees a criminal defendant legal assistance which meets a minimum standard of professional representation. *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975), *cert. denied*, 423 U.S. 876 [96 S.Ct. 148, 46 L.Ed.2d 109]. This standard applies whether counsel is appointed or retained. *Id.* at 640. The mere fact that a lawyer makes errors in the course of a trial does not necessarily demonstrate a failure to meet minimum professional standards. *Wade v. Franzen*, 678 F.2d 56 (7th Cir.1982). Minimum professional competence guarantees reasonably effective counsel, not errorless counsel. *United States v. Weston*, 708 F.2d 302, 306 (7th Cir.1983). Even the best lawyers are not infallible. *Wade*, 678 F.2d at 58. There is no presumption of a deprivation of constitutional rights merely because defendant's attorney makes egregious errors, tactical or strategic, in the preparation of actual trying of a case. *Twomey*, 510 F.2d at 640.

To prove a claim of ineffective assistance of counsel a defendant must demonstrate that counsel provided representation amounting to grossly incompetent professional conduct. *Weston*, 708 F.2d at 306. When reviewing an attorney's performance we are not free to second guess legitimate tactical decisions, rather, we examine only those blunders not classifiable as attorneys' tactics and determine whether they amount to grossly unprofessional conduct. *Id.* at 306.

Therefore, in light of the record here, this court finds that the petitioner was not denied assistance of counsel during a critical stage of his criminal proceedings. This court further finds that the petitioner has not met the standard hereinabove set forth regarding ineffectiveness of counsel as to either his trial counsel or his appellate counsel.

## CONCLUSION

Accordingly, it is the order of this court based on the foregoing reasons that the respondent's motion to dismiss be and is

hereby GRANTED; that the writ is DENIED; and that the petition is hereby ordered DISMISSED.