Carl E. **MICKENS**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 1284 S 499.

Supreme Court of Indiana.

June 26, 1985.

Susan K. Carpenter, Public Defender of Indiana, Sheila K. Zwickey, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. · Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant appeals from the denial of post-conviction relief. We affirm the trial court.

The facts are: Appellant was originally convicted of Burglary, a Class B felony, and was found to be an habitual offender. He was given a seventeen (17) year sentence for the burglary offense which was enhanced by thirty (30) years based on appellant's habitual offender status. He

was therefore sentenced to a total of forty-seven (47) years.

The conviction was affirmed on appeal by an opinion published in 439 N.E.2d 591.

In this appeal from the denial of post-conviction relief, appellant raises the following questions. He claims the trial court erred by finding the unsworn habitual offender notice filed by the State was a proper charging instrument and that the court further erred in finding the issue was waived by failure to pursue the question on direct appeal.

■ A post-conviction relief proceeding is not a substitute for an appeal. It is to be used for raising issues which were unknown or not available at trial. *Gee v. State* (1984), Ind., 471 N.E.2d 1115. This issue was well known to appellant during his first trial and was adequately covered by trial counsel at that time. The fact that trial counsel did not see fit to raise this question on appeal will be dealt with at a later point in this opinion. The trial court did not err in holding that this matter had been waived.

■ Appellant claims the trial court erred in finding Count I was properly amended and the court further erred by holding the issue was waived by failure to pursue it on direct appeal. The trial court was correct in its observation that the matter had been waived by failure to assign it as error on appeal. *Gee, supra.* This matter will be dealt with at greater length later in this opinion.

Appellant claims the trial court erred by finding the probable cause affidavit was sufficient to support appellant's arrest and that the court erred in finding the matter had been waived by failure to pursue it on appeal. Again the trial court was correct in its finding of waiver pursuant to *Gee, supra.*

Appellant claims the trial court erred by finding appellant's appointed counsel was effective in his trial and appellate representation. Appellant claims trial counsel was ineffective in his failure to raise the question concerning the habitual offender notice

and its lack of verification. An habitual offender charge was first filed against the appellant as Count II of the original information. However, at a later time, the prosecutor, after discussion with the court, amended the habitual offender charge setting out four prior accumulated felony convictions along with specific information relating thereto. This amendment was signed by the prosecutor but was not sworn to by him.

Appellant cites *Griffin v. State* (1982), Ind., 439 N.E.2d 160 and *Anderson v. State* (1982), Ind., 439 N.E.2d 558 to support his position that an habitual offender charge is subject to the rules governing the charging of criminal offenses. Thus the habitual offender count is part of the charging instrument and must be sworn to. In both *Griffin* and *Anderson* the charge was not only unsworn but in both cases the charges lacked the allegations of the prior felonies which the State would seek to prove at trial and therefore the appellants could not adequately defend against the habitual offender charges.

■ In the case at bar the original count concerning the habitual offender charge had in fact been sworn to. The statute was substantially complied with in the amendment. *See* Ind.Code § 35–3.1–1–2(b). The prior felonies were specifically described. There was nothing about this situation that could possibly have misled the appellant concerning the habitual offender charge. Had trial counsel properly raised the question prior to trial, the State could easily have remedied the situation. The matter therefore does not constitute incompetence on the part of the attorney in failing to raise the question on appeal.

As far as appellant's attorney failing to raise the question on appeal concerning the amendment of Count I of the charging affidavit, we find no incompetence. The original affidavit charged a Class B felony; however, the language of the charge would indicate that it was a Class C felony. When this was called to the attention of the court and the prosecuting attorney, the

prosecutor then proposed the amendment which had the effect of changing the allegations of the charge to conform to the Class B felony definition. Appellant claims the amendment violated Ind.Code § 35–3.1–1–5(e), which was interpreted in *Trotter v. State* (1981), Ind., 429 N.E.2d 637 to prohibit any amendment which changes the theory or theories of the prosecution as originally stated or changes the identity of the offense charged. However, in the case at bar there was no such change.

■ The information as originally drafted was ambiguous. Appellant was first informed he was charged with a Class B felony, then when his action was described in the body of the information, it actually described a Class C felony. He was of course entitled to know upon what theory the State was to proceed. This is not a question of a new or different charge being filed. It is a case of an explanation of the intent of the State. The trial court did not err in allowing such an amendment. The amendment does not violate the statute. Appellant's attorney therefore did not demonstrate incompetence by failing to raise the question on appeal.

As to the question of the sufficiency of the probable cause affidavit for appellant's arrest, appellant claims the affidavit did not conform to Ind.Code § 35–1–6–2 (repealed 1981) inasmuch as it fails to clearly and concisely state the basis for the hearsay and reliable information which would establish the credibility of the source of the information.

■ When information in an affidavit for a search warrant is supplied by an informant, the Court of Appeals has held that the reliability of the information must be set forth. *See Knaub v. State* (1979), 182 Ind.App. 56, 394 N.E.2d 201. However, where the report to the police officer is made by a victim of the crime, the affidavit of the police officer setting forth the report of the victim is sufficient to justify the issuance of a warrant. *Riddle v. State* (1971), 257 Ind. 501, 275 N.E.2d 788. We therefore hold trial counsel did not demonstrate incompetence in refusing to raise this question on appeal.

■ When a court is called upon to examine the competence of trial counsel, there is a strong presumption that counsel rendered adequate legal assistance. *Strickland v. Washington* (1984), — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674. When this record is examined in its entirety, it becomes clear trial counsel did all things reasonable to protect his client during the trial, including the raising of objections which were entirely reasonable at the time, but would not have been viable on appeal. We see nothing in the performance of trial counsel which prejudiced the appellant to the extent that the result of his trial is unreliable or that his appeal failed because of counsel's actions or omissions. *See Strickland, supra; Elliott v. State* (1984), Ind., 465 N.E.2d 707; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291.

The trial court is in all things affirmed.

All Justices concur except HUNTER, J., not participating.