**Carl MICKENS, Petitioner,**

v.

**Jack DUCKWORTH and Indiana Attorney General, Respondents.**

No. S 86–441.

United States District Court, N.D. Indiana, South Bend Division.

Dec. 8, 1986.

---

Carl Mickens, pro se.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

On August 1, 1986, the petitioner, Carl Mickens, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is now an inmate at the Indiana State Prison, having been previously convicted and sentenced in the Rush Circuit Court on February 26, 1981 of a Class B felony, burglary, and was also found to be an habitual offender and was sentenced to a total of 47 years imprisonment.

The state record has been filed here and carefully examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The response to order to show cause filed October 31, 1986, by the respondents shows compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner filed an eight page traverse on November 24, 1986 which reflects assistance of Joseph M. Kalady whose experience and competence in such matters have often been commented on favorably by this court.

The initial direct appeal to the Supreme Court of Indiana, *Mickens v. State*, 439 N.E.2d 591 (Ind.1982), was unanimously affirmed in an opinion written by Justice DeBruler. Thereafter, the petitioner initiated a post-conviction proceeding in February, 1983, which included an evidentiary hearing that resulted in a denial of relief on March 5, 1984. This denial was appealed to the Supreme Court of Indiana, *Mickens v. State*, 479 N.E.2d 520 (Ind.1985), and was affirmed in a unanimous opinion by Chief Justice Givan with Justice Hunter not participating.

The petitioner alleges here three grounds for relief which have either been exhausted or waived. They are:

1. A due process violation based on being convicted on insufficient evidence.

2. A due process violation by permitting the amendment to the charging information.

3. Ineffective assistance of trial and appellate counsel.

### II.

It is elementary that the petitioner bears the burden to demonstrate violation

of federally protected constitutional rights. In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Justice Stewart, speaking for the majority, stated:

A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. · But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. This court has fulfilled its obligation under *Jackson v. Virginia* to make an independent review of the record. That review indicates that a rational trier of fact could have found this petitioner guilty of these offenses by evidence beyond a reasonable doubt. There is abundant circumstantial evidence that the petitioner was the person who had broken into Clapp's house. The credibility of Mickens was placed before the state court jury and that jury obviously made a critical credibility determination. Agnes Clapp lived in a rural area which raises a serious question as to whether there was any reason for Mickens to park his car in a grassy area behind Clapp's garage even if he was in fact looking for someone. If Mickens had been telling the truth there is serious doubt if he would have had any reason to leave the driveway. That a burglary had

been interrupted cannot be seriously disputed by Mickens. The house had been ransacked and items from the house had been placed in a pillowcase and left in the garage. There was certainly a reasonable inference that Mickens decided to abort the burglary when he heard or saw Ms. Clapp coming up the driveway in her car. His story that he was innocently looking for a man selling a car was unconvincing to the trier of fact and understandably so. It remains correct that under *Jackson v. Virginia* the Supreme Court majority, speaking through Justice Steward, made it clear that the evidence in the state court record may still be viewed in the light most favorable to the prosecution. In that light it is apparent that Mickens had knowingly and intentionally broken into the home of Agnes Clapp with the intent to commit a theft or burglary which event was interrupted by the reappearance of Ms. Clapp. Under *Jackson v. Virginia* there is more than sufficient evidence by which a rational trier of fact could have found proof of guilt beyond a reasonable doubt.

### III.

■ Secondly, the petitioner raises what is essentially a matter of internal procedural law for criminal cases within the State of Indiana. His claim was categorically rejected by the Supreme Court at 479 N.E.2d at page 522. Specifically, the original Count I charged a Class B Felony but did not include the word "dwelling" but instead included the words "building or structure" which would be suggestive of a Class C Felony. Count I was amended to include the word "dwelling". As indicated in Chief Justice Givan's opinion the amendment was appropriate and this court finds permitting such amendment violated no federally protected constitutional right.

In his traverse this petitioner claims that the ruling of the Supreme Court in *Mickens v. State, supra,* is at odds with a more recent ruling by that court in *Abner v. State,* 497 N.E.2d 550 (Ind.1986). In *Abner* the relevant discussion is in Part I of Justice Shepard's opinion at page 553.

Even assuming a tension between the ruling in *Mickens* and *Abner* such is not of constitutional dimension under 28 U.S.C. § 2254. This court does not sit under section 2254 to correct all the legal errors of arguable inconsistencies of the Supreme Court of Indiana. The Fourteenth Amendment does not require perfect, symmetrical judicial consistency in all decisions.

### IV.

The amendment issue interplays with the claims of ineffective assistance of counsel as now defined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It should be noted that at 479 N.E.2d, page 523, Chief Justice Givan expressly but briefly deals with the question of competency of trial counsel under *Strickland v. Washington*. This court has made a separate examination of the record and is in total agreement with Justice Givan's conclusion that petitioner's trial counsel performed in accordance with the *Strickland v. Washington* standards. Neither is there any showing that appellate counsel has been ineffective on behalf of this petitioner. Certainly this court is aware that appellate counsel must be effective. *Evitts et al v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The case of *Riner v. Owens*, 764 F.2d 1253 (7th Cir.1985), has no particular bearing to help this petitioner since there is no suggestion whatsoever of any conflict of interest by either trial or appellate counsel in this case. Under any circumstances, the cause and effect relationship under *Strickland* is not demonstrated here.

### V.

There is some invitation by the respondent to bottom the amendment issue on the procedural default basis of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and *Nutall v. Greer*, 764 F.2d 462 (7th Cir.1985). A more recent analysis of procedural default can be found in Justice O'Connor's opinion in *Smith v. Murray*, —— U.S. ——, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). In *Smith v. Murray*, Smith's counsel failed to raise on appeal to the Supreme Court of Virginia whether the trial court erred in admitting a psychiatrist's testimony. The Supreme Court of Virginia affirmed Smith's conviction. On appeal to the Supreme Court of the United States, the Court held that Smith defaulted on his constitutional claim as to the admission of the psychiatrist's testimony by failing to press it before the Supreme Court of Virginia on direct appeal. *See Murray v. Carrier*, —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Smith contends that he received ineffective assistance of counsel on his appeal. The Supreme Court held that the appellate counsel's decision not to press the claim on appeal was not an error of such magnitude that it rendered counsel's performance constitutionally deficient under the *Strickland* test. *Smith v. Murray*, 106 S.Ct. at 2667. The Court further held that:

> When the alleged error is unrelated to innocence, and when the defendant was represented by competent counsel, had a full and fair opportunity to press his claim in the state system, and yet failed to do so in violation of a legitimate rule of procedure, that burden has not been carried.

106 S.Ct. at 2669. This court does not find that petitioner's claim is one in which any constitutional violations are present pursuant to *Smith v. Murray, supra.*

In his traverse (Issue Three) petitioner, in effect invites this court to search the record for examples of ineffective assistance of counsel. It is the burden of this petitioner to specify examples of such ineffective assistance and demonstrate some actual prejudice therefrom. He has failed to do so here.

In the appeal from denial of post-conviction relief Chief Justice Givan dealt in detail with the various claims of ineffective assistance of counsel. That discussion and the findings that inhere therein are found at 479 N.E.2d, pages 522–523. The conduct of defense counsel here is in considerable contrast to that discussed in *Kimmel-*

*man v. Morrison*, —— U.S. ——, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

The aforesaid findings by the Supreme Court of Indiana are also entitled to deference under 28 U.S.C. § 2254(d), *United States ex rel Smith v. Lane*, 794 F.2d 287, 289 n. 3 (7th Cir.1986). An earlier case in this precise context suggested that the findings of the Wisconsin Supreme Court "come to us with a presumption of correctness", citing *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). *Walberg v. Israel*, 766 F.2d 1071 (7th Cir. 1985). In another case from Wisconsin, the Court of Appeals, deciding a Sixth Amendment issue held that the Wisconsin findings "were presumed correct unless not fairly supported by the record." *See Sharlow v. Israel*, 767 F.2d 373, 375 (7th Cir.1985). Compare *United States ex rel Smith v. Fairman*, 769 F.2d 386 (7th Cir.1985) at page 395 and *United States ex rel Searcy v. Greer*, 768 F.2d 906, 911 (7th Cir.1985).

■ This court has examined with specific care and interest the sworn testimony in the post-conviction proceeding. At pages 194–198 of the state transcript, the testimony of petitioner's brother, Harvey Mickens, is set forth. It is most difficult to see how that brother's testimony could have helped this petitioner. Calling him could have well been turned to the advantage of the prosecutor.

At pages 199–213 of that state transcript is the testimony of defense counsel, Richard L. Tandy. He brought to the defense in this case a wealth of relevant professional experience in the criminal justice system. He was questioned by an Assistant Public Defender in detail as to the conduct of his defense of this petitioner. His explanations appear personally honest and professionally reasonable. At page 209 (line 5) there is discussion regarding the calling of Harvey Mickens as a witness:

Q  Do you recall why not?

A  Yes ma'am.

Q  Why would that be sir?

A  Because Carl had confessed to me and I knew if I put on the witnesses

that he had asked me to put on I was running into an ethical problem that with (sic) actually encouraging or supporting perjury.

 There is nothing in the Sixth Amendment requiring a defense counsel to suborn perjury or to engage in unethical conduct. The Supreme Court of the United States has recently dealt with that specific subject. *See Nix v. Whiteside*, —— U.S. ——, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

For all of the foregoing reasons there is no basis for relief here presented under 28 U.S.C. § 2254, the requested writ is DENIED.