BILL WILLIAMS *v.* STATE OF INDIANA.

[No. 1077S756. Filed October 13, 1978. Rehearing denied December 7, 1978.]

George T. Popcheff, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Terry G. Duga, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Bill Williams, was convicted of rape of a child under twelve years of age, sodomy, and incest. He received sentences of life, two to fourteen years, and two to twenty-one years respectively. Upon his appeal to this Court, only one of his numerous assertions of trial error mandates discussion: did the trial court err in refusing to read the final instructions to the jury?

This Court has examined the problem of jury instructions at length in *Purdy* v. *State*, (1977) 267 Ind. 282, 369 N.E.2d 633. There we held that when the trial court's duty to instruct is delegated to the jury foreman under circumstances where it cannot be known how the job was done, or whether it was done at all, reversible error has occurred. In this case, the trial court did read the preliminary instructions to the jury, but failed to read the final instructions even though the defendant's attorney requested that the court read them. The trial court refused, stating that the defendant had waived his right to the reading of the instructions by failing to request the same before final argument. Under our holding in *Purdy* v. *State, supra,* we cannot agree that the failure to request a reading of the instructions constitutes a waiver. The crux of the problem is that the trial court judge had no way of knowing how the job of reading the instructions was done or if it was done at all.

The judgment of the trial court is reversed, and a new trial is ordered.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 381 N.E.2d 458.