**Tyrone Anthony DRAKE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1078S220.**

Supreme Court of Indiana.

Aug. 23, 1979.

Carol A. Glass, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant was convicted by a jury in the Marion County Criminal Court, Division IV, on August 30, 1977, of attempting to commit a felony while armed, Ind. Code (Burns 1975) § 35–12–1–1, and inflicting physical injury in the attempted commission of a robbery, Ind.Code (Burns 1975) § 35–13–4–6. Appellant raises several rather serious issues, but because we find reversible error in the first specification, we have no need to examine the remaining questions. They relate generally to the management of the trial, and because it is not likely they will recur on retrial, disposition of them here would not be helpful to the court and counsel at the second trial.

After the jury was sworn, the trial judge announced that he was going to waive the reading of the preliminary instructions, but that he would send them to the jury room along with the final instructions when the case was submitted to the jury. He indicated at that time that he was also going to waive the reading of final instructions. Neither party objected to such waivers or procedures. After final arguments, the trial judge again told the jury he was not going to read the instructions to them but was sending the instructions into the jury room with the jury. The judge instructed them to have their foreman read the preliminary and final instructions aloud before they began their deliberations. We have

found this practice to be reversible error on two previous occasions. *Williams v. State,* (1978) Ind., 381 N.E.2d 458; *Purdy v. State,* (1977) Ind., 369 N.E.2d 633.

The State contends the defendant had ample opportunity to object to the announced intentions of the court, and that it was incumbent upon him to do so before he could raise the question here. The State's position is that the defendant should not be able to silently allow the procedure to take place and hold his unstated objection in reserve for appeal. The State points out that our appellate courts have discouraged the practice of trial attorneys endeavoring to get error in the record in this manner. *Wright v. State,* (1975) 163 Ind.App. 502, 324 N.E.2d 835; *Hauk v. State,* (1974) 160 Ind.App. 390, 312 N.E.2d 92. *See Blow v. State,* (1978) Ind., 372 N.E.2d 1166; *Greentree v. State,* (1976) 265 Ind. 47, 351 N.E.2d 25.

We agree that this tactic is not to be encouraged. Ordinarily a party is required to state his objection and attempt to give the trial judge an opportunity to correct any error he may be committing. We have continually taken this position and have required this procedure of parties seeking to obtain relief in the appellate courts. *Id.* However, this error is so fundamental that it cannot be disposed of on these grounds.

The failure of the trial court to instruct the jury in open court was in violation of Ind.R.Tr.P. 51(A) and (B) and Ind.Code (Burns 1975) § 35–1–35–1. This duty of the court was improperly delegated to the jury foreman. As we stated in *Williams, supra* :

> "The crux of the problem is that the trial court judge had no way of knowing how the job of reading the instructions was done or if it was done at all."

381 N.E.2d at 458.

The judgment of the trial court is reversed and a new trial is ordered.

All Justices concur.