**Larry E. COOPER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1079S279.**

Supreme Court of Indiana.

April 29, 1980.

Harriette Bailey Conn, Public Defender, James M. Garrettson, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Cooper filed his petition for post-conviction relief in the court below. It was denied and his later motion to correct errors was denied as well on July 13, 1979. This appeal has followed.

On December 22, 1972, a sentence of life imprisonment was imposed upon appellant for his conviction of first degree murder. At that time and at the time appellant committed the offense murder was punisha-

ble by death or life imprisonment. On October 1, 1977, and by the time appellant filed his post-conviction petition on November 15, 1978, the penalty for murder was changed by legislative action to a determinate term of from thirty to sixty years or death. Ind.Code §§ 35–42–1–1, 35–50–2–3, and 35–50–2–9. By his post-conviction petition appellant sought to be re-sentenced under the new murder statute.

The act which repealed the murder statute pursuant to which appellant was sentenced to life imprisonment carried a savings clause which provided:

"(a) Neither this act nor Acts 1976, P.L. 148 affects:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.

(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.

(c) Notwithstanding subsections (a) and (b) of this SECTION, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977." Acts 1977, P.L. 340, § 150.

Appellant was sentenced almost five years before the modification in the penalty for murder occurred. There is no language in the statutes first effective October 1, 1977, relating to the penalty for murder from which one could deduce a purpose to require those already serving life sentences to be returned to court for re-sentencing. *Watford v. State,* (1979) Ind., 384 N.E.2d 1030. And also to the point, by express legislative enunciation in the clause quoted above, the sentencing provisions under which appellant was given a life sentence survive the October 1, 1977 repeal and remain applicable to all murders, including the one perpetrated by appellant, occurring

prior to October 1, 1977. *Henson v. State*, (1979) Ind., 392 N.E.2d 478. This same clause governs the resolution of the issue raised by appellant. *Lynk v. State*, (1979) Ind., 393 N.E.2d 751. There is no ambiguity or uncertainty in the murder statutes or the savings clause, when considered separately or conjunctively, with regard to their applicability to appellant's case. Consequently we are under a duty as judges to enforce them according to their obvious meaning. *Eads v. J. & J. Sales Corp.*, (1971) 257 Ind. 485, 275 N.E.2d 802. Appellant is excluded by their plain meaning from claiming entitlement to a new and reduced sentence.

Appellant contends in the alternative that the legislative intent of the savings clause of the new penal code that persons such as he should serve out their life sentences for murder can only be based on a desire for "vindictive justice", and evinces no reasonable purpose of reformation in violation of Art. I, § 18, of the Indiana Constitution. The requirement of the savings clause and the law of judgments that appellant complete the sentence of life imprisonment given him before October 1, 1977, is not forbidden by this section. *Parsley v. State*, 401 N.E.2d 1360 (Ind., 1980); *Vicory v. State*, 400 N.E.2d 1380 (Ind., 1980); *Watford v. State, supra; Lynk v. State, supra.*

The decision of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.