Henry RICE, Appellant,

v.

STATE of Indiana, Appellee.

No. 680S174.

Supreme Court of Indiana.

Oct. 15, 1981.

Rehearing Denied Dec. 23, 1981.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of post-conviction relief. Rice's convictions for kidnapping, rape, and rape while armed were affirmed by this Court in *Rice v. State*, (1976) 265 Ind. 454, 355 N.E.2d 238. Appellant unsuccessfully sought relief from his life sentence for kidnapping on the basis of the lesser sentence provided for by the newer statutes on kidnapping and confinement, and also challenged the sufficiency of his legal representation at trial and on his first appeal.

■ Appellant's conduct, comprising the offense of kidnapping of which he was convicted and sentenced to life imprisonment in 1976, took place in 1973. The kidnapping statute in effect at those times provided for life imprisonment. Ind.Code § 35–1–55–1. Appellant lays claim to a reduction of that sentence because, effective October 1, 1977, the kidnapping statute was repealed and new statutes defining the offenses of kidnapping and confinement providing for only lesser sentences, came into being. Ind.Code §§ 35–42–3–2 and 35–42–3–3. On several occasions we have held that this claim is properly rejected upon the basis of the express legislative pronouncement in the savings clause in the Acts of 1977, P.L. 340, that offenses committed before October 1, 1977, remain punishable under the repealed law.

Appellant argues however that to apply the savings clause in this manner is contrary to Art. I, § 18, of the Indiana Constitution which provides:

"The penal code shall be founded on the principles of reformation, and not of vindictive justice."

He contends that the legislative decision to reduce a sentence and to apply that decision prospectively only is to rob the penal code of its reformative purpose and to demonstrate a vindictiveness.

The sentence of life imprisonment does not render the code violative of Art. I, § 18. *Lynk v. State*, (1979) Ind., 393 N.E.2d 751; *Owens v. State*, (1981) Ind., 419 N.E.2d 969;

*Cooper v. State*, (1980) Ind., 403 N.E.2d 826. The legislative decision to reduce that sentence in the case of kidnapping and to apply the reduction prospectively only is based upon the belief that the punishment to be given to one who violates the law is the one which exists and is legislatively mandated at the time of the violation. *Parsley v. State*, (1980) Ind., 401 N.E.2d 1360. That is the expectation of the society and the offender. The trial court did not err in rejecting this claim.

Appellant also sought post-conviction relief upon the claim that his counsel at his trial, and appellate counsel in his first and direct appeal were constitutionally deficient in their legal representation of him. This claim is based upon the decision of defense counsel to waive any objection to the announced decision of the trial court not to read final instructions aloud to the jury, which counsel expressly did, and the failure of appellate counsel to include in a motion to correct errors or on appeal the failure of the trial judge to read the final instructions to the jury.

The claim of ineffective representation is to be resolved upon evaluation of discrete maneuvers by counsel alleged to be mistaken, as parts within the whole of the representation provided. The standard of review remains the "mockery of justice" standard modified by the "adequate legal representation" standard. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115. Perfunctory representation is insufficient but isolated mistakes and poor strategy are not.

The right of the accused to have the final instructions read aloud to the jury was given its first clear statement in *Purdy v. State*, (1978) 267 Ind. 282, 369 N.E.2d 633. The right exists in order to provide an assurance that each of the jurors receives the instructions at least once from the judge. This right, like many other trial rights, both legal and constitutional, are enforced through timely objections and may be waived either expressly or by failure to object. Here, defense counsel expressly waived objection at trial when the judge suggested that he would not read the final instructions aloud. He did so voluntarily and knowingly. By giving up the opportunity to enforce the right, appellant acceded to the procedure adopted by the trial court and insulated it from legal attack by way of a motion to correct errors and appeal. *Thomas v. State*, (1976) 264 Ind. 581, 348 N.E.2d 4; *James v. State*, (1974) 261 Ind. 495, 307 N.E.2d 59.

The legal effect of the said waiver notwithstanding, appellant argues that the waiver rendered his representation ineffective. At the time defense counsel made his decision the clear statement of the right in *Purdy v. State, supra*, had not yet been made by this Court. The right as explained has a legitimate purpose, but is not of constitutional import. Defense counsel was called upon to respond to the judge's suggestion immediately during ongoing trial proceedings, and we therefore believe he need not have consulted with his client in making the decision. He may well have concluded because of the strength of the case for the prosecution that if the normal course of events were to transpire, with the oral reading of the instructions following final summations, conviction would surely follow, but that the procedure suggested by the trial court would slow down the deliberative process of the jury and could also create some confusion in it, and such effects could benefit the defense. We therefore find that the maneuver of defense counsel in waiving the objection is not indicative of constitutionally deficient representation. We also find that appellate counsel was not deficient in failing to challenge the procedure followed by the trial court, as it had been knowingly and voluntarily acceded to by the defense, and as it was not so fundamentally erroneous as to warrant an appellate tribunal in giving it consideration in the absence of a proper contemporaneous objection. The impingement upon the fairness of the proceedings from the failure of the judge to read instructions aloud does not approach the fundamental error level reached when one for example is convicted of a non-existent crime, or receives two sentences for the same offense. *Young v.*

*State,* (1967) 249 Ind. 286, 231 N.E.2d 797; *Swininger v. State,* (1976) 265 Ind. 136, 352 N.E.2d 473.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.