Paul O. ROWLEY, Jr., Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 582S198.

Supreme Court of Indiana.

Dec. 3, 1982.

Susan K. Carpenter, Public Defender, Carr L. Darden, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Paul O. Rowley, Jr., is before this Court appealing from the denial of his petition for Post-Conviction Relief, Rule 1. His convictions and sentences for two counts of robbery as Class B felonies were affirmed by this Court on direct appeal. *Rowley v. State,* (1979) Ind., 394 N.E.2d 928.

In his appeal from the denial of his petition for post-conviction relief, he presents the following issues for our review:

1. Whether the post-conviction court erred when it concluded that petitioner knowingly and intelligently waived his right to have the court read aloud the final instructions to the jury; and

2. Whether the trial court committed fundamental error by failing to read aloud the final instructions to the jury.

We note at the outset that when this Court is confronted with an appeal from the denial of post-conviction relief, it is not our prerogative to weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads inalterably to a conclusion contrary to that reached by the finder of fact will the decision be reversed as contrary to law. *Weaver v. State,* (1982) Ind., 432 N.E.2d 5; *Henson v. State,* (1979) Ind., 392 N.E.2d 478.

### I.

Petitioner maintains the post-conviction court erred when it concluded that at trial, he had knowingly and intelligently waived his right to have the trial court read aloud the final instructions to the jury. The transcript of the trial proceedings reveals that both petitioner and his counsel expressly waived the right to have the instructions read to the jury:

*Court:* "All right, I understand and I don't blame you, so I'm rejecting your request to include those various lessor included offenses on the basis of *Hash versus State, Hitch, Hester and Harris versus State,* decided within a period of approximately six years. O.K., anything further? How about waiving the reading of the finals? I would do it if I thought it would help, because that's the first thing they do when they go back, I tell them to get the Foreman, get them together and go over them among themselves, so they have a tendency not to listen to somebody reading those things, but I'll certainly do it if you want me to."

*Mr. Samper:* "Oh, we'll waive reading of the finals."

*Court:* "Is that all right, Mr. Rowley?"

*Mr. Rowley:* "Yes."

*Miss McDowell:* "The state will waive."

Notwithstanding his express waiver of the right, as well as his attorney's waiver, he asserts that it was not *knowingly* rendered; in support of his contention, he points to his post-conviction hearing testimony where he stated that at the time of trial, he did not understand the meaning of the word "waiver."

We recently explained that while a defendant in a criminal proceeding has a right to have final instructions read to the jury, the right "is not of constitutional import." *Rice v. State,* (1981) Ind., 426 N.E.2d 680, 682. In *Rice,* as here, the petitioner had expressly waived the right at trial; the post-conviction court rejected petitioner's contention that the waiver reflected the inadequacy of his representation at trial. This Court affirmed the trial court's ruling, holding both that the right could be expressly waived and that circumstances indicated the waiver was a tactical maneuver by counsel.

In *Rice,* we also found that in view of the fact that defense counsel had been "called upon to respond to the judge's suggestion immediately during ongoing trial proceedings ... he need not have consulted with his client in making the decision." *Id.* Our analysis points up the misconception in petitioner's claim that his own waiver was invalid because it was not "knowingly" made. The right to have instructions read to the jury, although significant, is not constitutionally-based; it does not require a knowing waiver by a defendant to forego the right, but rather is amongst those matters which are entrusted to the expertise and discernment of counsel. Indeed, it is because the attorney understands the meaning and effect of such terms as "waiver" that trained representation is constitutionally guaranteed. For that reason, as well as the nature of the right at issue, petitioner's argument that his own waiver was not "knowingly made" is without merit. *Rice v. State, supra.*

Petitioner attempts to distinguish *Rice,* however, on the basis that there is nothing in the instant case to suggest that his attorney's waiver was the product of trial strategy. We note that the post-conviction court rejected petitioner's assertion that the representation afforded him at trial denied him the effective assistance of counsel. Petitioner has not challenged that conclusion here; his appeal is limited to the issues stated.

■ We have frequently acknowledged the presumption that the representation afforded any defendant was accomplished in a competent manner. *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398. The post-conviction court did not find otherwise here. In light of that ruling and defendant's failure to challenge its propriety, we will not second-guess the rationale of counsel in waiving the right. He may have concluded that in the wake of the trial court's adverse ruling on his tendered instructions on lesser included offenses, a subtle tactical gain in the minds of the jurors might evolve if the reading of the final instructions was forsaken. Consequently, the waiver by petitioner's counsel constituted a valid relinquishment of the right to have the instructions read to the jury. *Rice v. State, supra.*

## II.

Petitioner also argues that the trial court committed "fundamental error" when it failed to read the final instructions to the jury. In support of his contention, he relies on Ind.R.Tr.P. 51(A) and Ind.Code § 35–1–35–1 (Burns 1979 Repl.), which impose the duty on the court to instruct the jury regarding the law necessary for their information in reaching a verdict.

This Court has repeatedly emphasized that the trial courts of this state should not stray from their responsibility to orally instruct jurors in open court. *Foresta v. State,* (1980) Ind., 413 N.E.2d 889; *Drake v. State,* (1979) Ind., 393 N.E.2d 148; *Williams v. State,* (1978) 269 Ind. 430, 381 N.E.2d 458; *Purdy v. State,* (1977) 267 Ind. 282, 369 N.E.2d 633. The rule is of no small consequence. In *Williams v. State, supra,* we rejected the argument that in order to gain the right, a defendant must specifically request that the instructions be read to the jury; in *Drake v. State, supra,* we rejected the contention that in order to gain appellate review of the trial court's failure to read the instructions, defendant must object at trial. In *Drake,* we characterized the error as "so fundamental" that an objection was not necessary in order to challenge on appeal the trial court's failure to fulfill its duty. *Drake v. State, supra,* Ind., 393 N.E.2d at 149.

Notwithstanding our holding in *Drake,* we subsequently held in *Rice v. State, supra,* that the right to have instructions read to the jury is a matter which can be *expressly waived* by the parties. The distinction between an express waiver, as occurred in *Rice,* and a failure to object or request, as occurred in *Drake* and *Williams,* is dispositive here—however the right be characterized.

■ The "fundamental error" doctrine serves exceptional circumstances. The rule permits an appellate tribunal to address an error not otherwise preserved for review if the error appears plainly on the face of the record and is of such consequence that it denied defendant due process. *Rogers v. State,* (1979) Ind., 396 N.E.2d 348; *Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797; *Winston v. State,* (1975) 165 Ind.App. 369, 332 N.E.2d 229; *see generally,* Bagni, Giddings, and Stroud, 4A *Indiana Practice* § 15 p. 27 (1979). As we have recognized in *Rice* and Issue I, *supra,* parties may prefer for tactical reasons to forego the reading of the instructions. If the trial court provides that opportunity—a practice we discourage—a party which expressly waives the right may not, in the wake of an adverse verdict, gain relief on the basis that the instructions were not read to the jury. Were it otherwise, the express waiver and fundamental error doctrine would become vehicles of gamesmanship and abuse. There was no error here. *Rice v. State, supra.*

For all the foregoing reasons, there was no error in the post-conviction court and its judgment should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.