**Robert E. JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 683S229.

Supreme Court of Indiana.

Sept. 4, 1985.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

· DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a class B felony, I.C. § 35–42–5–1, and from a habitual offender determination, I.C. § 35–50–2–8. The case was tried before a jury. Appellant received a ten year sentence for robbery. This sentence was enhanced thirty years due to the habitual offender determination.

Appellant raises two issues on appeal: (1) whether a pre-voir dire orientation program for prospective jurors is an improper delegation of the trial court's duty to instruct the jury in open court in the presence of the parties to the case; (2) whether the trial court properly admitted State's exhibits # 4 and # 16 into evidence over his objection that the person having legal custody of the exhibits did not properly certify them.

These are the facts from the record that tend to support the determination of guilt. On February 16, 1982, witness Gloria Martin worked at the Roselyn Bakery in Indianapolis. On that day, she observed appellant enter the store two different times; each time he inquired as to the price of soda pop and then departed. She recognized him as a regular customer. Later, appellant entered the store for a third time. He attempted to buy a soda pop and then pulled a knife on Ms. Martin. Consequently, she opened the cash drawer, and he took the money and placed it in his pocket. Thereafter, he told her that he knew she was going to call the police, but that he

knew she drove a black car. She identified appellant as the perpetrator at trial.

## I

Appellant argues that the trial court erred when it did not strike the entire prospective jury array on the basis of its exposure to a pre-voir dire orientation program. He claims that a pre-voir dire orientation program for prospective jurors is an improper delegation of the trial court's duty to instruct the jurors in open court in the presence of the parties to the case.

A court employee conducted a pre-voir dire orientation program for the prospective jurors. During voir-dire it was brought to the attention of appellant that the prospective jury array attended the program. Appellant discovered that the content of the program consisted of information acquainting the prospective jurors with the legal process, with the duties and responsibilities of jurors, and with the burden of proof at trial. Subsequently, appellant objected to the entire prospective jury array on the basis that it had been instructed as to matters of law outside the presence of the parties. The trial court overruled the objection. Appellant renewed his objection after he had exhausted his peremptory challenges. Again, the trial court overruled the objection.

The situation presented here does not pose the danger sought to be prevented in the cases which have held that the reading of instructions to the jury by the judge's delegate outside the presence of the parties and the judge constitutes reversible error. See *Williams v. State* (1978), 269 Ind. 430, 381 N.E.2d 458, and *Purdy v. State* (1977), 267 Ind. 282, 369 N.E.2d 633. In these cases, the Court reasoned:

> The crux of the problem is that the trial court judge had no way of knowing how the job of reading the instructions was done or if it was done at all.

*Williams, supra* 381 N.E.2d at 458. Inherent in this reasoning is that if prejudicial error occurs the trial court judge has no opportunity to identify the error, and thus, no opportunity to cure the error.

In the case at bar, the trial court judge appointed a delegate to conduct a pre-voir dire juror orientation program. This orientation program provided the prospective jurors with a general outline of the legal process; it also touched on general matters of law that concerned the burden of proof at trial, and the jury's duty to weigh the evidence. Slides of the judge and the court room were also shown. Any prejudice due to misstatements of the law or due to prospective juror misconceptions would have been cured by the heightened sense of responsibility and attention a prospective juror attains upon taking the oath of a juror, and by the trial court's preliminary and final instructions. In this situation, there was ample opportunity to identify and to cure prejudicial error, and the possibility of the survival of prejudicial error was slight. Appellant does not identify any specific prejudice; instead, he asks us to declare the prospective juror process prejudicial *per se*. There is no compelling reason to adopt such a *per se* rule. Indeed, the process is employed in many courts throughout the state and can have beneficial consequences, and we therefore deem it appropriate to set forth here some general standards for their implementation.

1. The information supplied should be prepared or approved in its detail by the judge.

2. The information may include general matter about the legal process.

3. Attorneys should have the right to attend as observers.

4. Specific rules of law concerning issues in cases to be tried should be avoided.

5. Questions posed by prospective jurors regarding specific laws, issues, and factual situations should not be answered, but should be deferred to the court room experience ahead.

Further restrictions grounded in considerations of fairness may be entirely appropriate and thus imposed by the trial court in its discretion.

## II

Appellant argues that the trial court erred in admitting into evidence, over his objection, State's exhibit #4, commitment, photograph and fingerprint records from the Indiana State Farm, and State's exhibit #6, commitment, photograph and fingerprint records from the Indiana Reformatory. The keeper of records of each institution certified the records, before a notary public. Appellant claims that the records lacked proper certification because the superintendents of the above mentioned correctional institutions did not certify them.

Indiana Rule of Trial Procedure 44(A)(1) is set forth here:

"(A) Authentication.

(1) Domestic. An official record kept within the United States, or any state, * * or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or *by a copy attested by the officer having the legal custody of the record, or by his deputy.* Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

Appellant's argument is without merit. Department of Correction Officials, designated as keepers of the records, signed and affixed the Department of Correction seal to the records contained in each exhibit. In each case the execution of the certification was acknowledged before a Notary Public having knowledge of the official capacity of the person making the acknowledgement. This is sufficient certification, cf. *Gross v. State* (1983), Ind., 444 N.E.2d 296.

Judgment is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.