Brian ATKINSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–8602–CR–189.

Supreme Court of Indiana.

Oct. 16, 1986.

John H. Brooke, McClellan & McClellan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant was found guilty by a jury in the Delaware Circuit Court. He was sentenced to twenty (20) years. On direct appeal, he raises the following issues:

1. jury instructions;

2. sufficiency of evidence; and

3. admission of identification evidence.

Appellant and Patrick Penrod were drinking heavily on the night of April 18,

1985. At about 9:00 p.m. that evening, the victim heard someone knocking on her door, and observed Appellant trying to hide under the porch light. Appellant broke down the door, entered the home, and hit and kicked the victim. During the course of the struggle, Appellant tore off the victim's shirt, threatened to hurt her daughter, and pulled down the victim's bra, exposing her breasts. Appellant then fled. Indiana State Police Officer Snell discussed the occurrence with Appellant and his father the following day. Appellant told his father he might have done it, that he had been drinking, and that he could not remember everything about the previous night. Appellant was advised of his rights and taken into custody, after which he gave a statement and said he had shaved off his moustache that morning. At jail, Appellant identified, as his, a pair of socks found on the back steps of the victim's home.

## I

Appellant first claims the trial court erred in instructing the jury on the defense of voluntary intoxication, and in refusing his tendered instructions on the subject. Appellant has waived any error by failing to include in the motion to correct errors or in the brief, his tendered instructions and a verbatim account of his objections to the trial court instructions. *Rose v. State* (1983), Ind., 446 N.E.2d 598, 600; Ind.R.App.P. 8.3(A)(7). Furthermore, a review of the record reveals that the court's instruction on voluntary intoxication was a proper statement of the law and adequately covered the subject matter which Appellant alleges was covered in his tendered instructions. Appellant did tender an instruction which sought to inject insanity into his defense of intoxication. Other than this tendered Instruction, Appellant gave no notice nor indicated any intention to rely on the defense of insanity. In light of this and the confusing wording of the instruction, the trial court properly refused it.

## II

Appellant next maintains there was insufficient evidence to convict him of burglary. He specifically argues the State failed to prove he intended to commit the underlying felony: rape.

When sufficiency of evidence is raised on appeal, we will neither reweigh the evidence, nor judge the credibility of the witnesses; rather we look only to the evidence most favorable to the State and all reasonable inferences therefrom. If there is a substantial body of probative evidence from which the jury could infer guilt beyond a reasonable doubt, the verdict will be upheld. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Appellant's entire argument is based upon the premise that the jury could not infer beyond a reasonable doubt that he intended to rape the victim. The evidence here shows Appellant broke down the door; hit and kicked the victim; threatened her daughter if the victim screamed; tore off the victim's shirt; and pulled down her bra, exposing her breasts. Faced with such evidence, it is clear that the jury was justified in finding that Appellant intended to rape the victim.

## III

Appellant finally contends the trial court erred in admitting all identification evidence, because the original identification was made from a photographic lineup tainted by improper remarks of police officers, and because the in-court identification lacked an independent basis.

The person who broke into Appellant's home on April 18, 1984, had a moustache. Appellant had a moustache on that night, but after being advised of his rights told the police he had shaved it off on the morning of April 19, 1984. On April 19, 1984, the victim was given a photographic array from which to identify the assailant. She selected two persons from the array as having the same physical characteristics as the assailant. A police officer then informed her that the person they had detained had altered his appearance by shav-

ing off his moustache. The victim testified:

"I held my finger to the nose and I noticed the eyes. I remember the eyes very well. And that's how I selected him."

The victim also made an in-court identification of Appellant as the assailant.

We cannot find that the police officer's comment rendered the identification suggestive; rather, it was in the nature of a good faith response to Appellant's attempt to conceal or alter his identity. Furthermore, the victim had ample opportunity upon which to independently base her in-court identification. She had seen him, from the window, standing under her porch light, and then saw him face to face at close range as he attacked her inside her lighted home. She also testified she had seen him walking by her home on approximately six occasions. We find no error in the identification of Appellant.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD, and DICKSON, JJ., concur.