Jeffrey L. BAGGETT, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 82S01–8711–CR–1029.

Supreme Court of Indiana.

Nov. 4, 1987.

Jeffery L. Lantz, Lantz, Shaw and Corbett, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a Petition to Transfer from the First District Court of Appeals brought by Appellee State of Indiana.

The Court of Appeals reversed Jeffrey L. Baggett's jury conviction of child molesting, a class C felony. They found Baggett was not afforded adequate representation because his counsel did not object to testimony from his former spouse concerning conversations which occurred during marriage in which he admitted molesting the victims. *Baggett v. State* (1987), Ind.App., 507 N.E.2d 637. We agree with Petitioner State of Indiana that Baggett was afforded effective assistance of counsel and therefore vacate the Court of Appeals opinion and affirm the trial court.

The Court of Appeals held trial counsel was ineffective for not objecting to

testimony encompassed within the marital communication privilege. However, the privileged communication between a husband and wife is not a ground for excluding evidence in any judicial proceeding resulting from a report of a child who may be a victim of child abuse or neglect, or relating to the subject matter of such a report. Ind.Code Ann. § 31–6–11–8 (Burns 1987). Thus, counsel was not ineffective for failing to object to testimony from Baggett's former wife. She was not precluded from testifying as a prosecution witness despite the contention the testimony violated the marital privilege.

Baggett raised three other issues for review, which we will address in the following order: (1) failure of the trial court to apply the rape-shield statute, (2) jury instructions, and (3) ineffective assistance of trial counsel.

### I.

Baggett claims the trial court committed fundamental error by permitting testimony of his uncharged sexual conduct under the depraved sexual instinct rule. He claims the court should have applied the rape shield statute and disallowed the evidence because the State failed to comply with the ten day notice requirement under Ind.Code Ann. § 35–37–4–4 (Burns 1985).

■ We fail to see error on either of these grounds since Baggett has failed to indicate which of the incidents can be characterized as uncharged sexual misconduct. Count I charged that on or about the summer of 1984 Baggett performed fondling and touching with M.M. Count II charged that on or about the year of 1983 Baggett performed fondling and touching with S.B. Because of the nature of child molesting, it is not unusual nor impermissible to charge in this manner. Both victims and their mothers testified to numerous incidents of fondling and molesting which occurred in 1983 and 1984. There was some testimony of an incident in 1982. Understandably, the children were not able to give exact dates and times since they did not reveal the incidents until after all of them had occurred. Time of occurrence of an act is not an element nor is it essential to proving a criminal violation except as it may become important with reference to the statute of limitations or the defense of alibi. None of these disabilities are apparent here.

■ Further, the rape shield statute's purpose is to protect victims of crimes and not the accused. *Brackens v. State* (1985), Ind., 480 N.E.2d 536, 539. Evidence of a defendant's prior sexual abuse of the victim is admissible under the depraved sexual instinct rule. *Brackens*, 480 N.E.2d at 539; *McKim v. State* (1985), Ind., 476 N.E.2d 503, 505. The trial court was correct in its admission of this evidence.

Baggett makes the same claim with reference to evidence of the admission by Baggett to his former wife of acts of molestation committed on K., which acts were later denied by K. K. was not one of the victims in this case. Her name came into the case in Baggett's cross-examination of S.B. This was trial strategy calculated to discredit S.B.'s testimony by later calling K. to testify that she had never been molested by Baggett and had never told S.B. that she had been. The purpose of this evidence was to attack S.B.'s credibility. In fact, the jury found Baggett not guilty of the charges involving M.M. Baggett cannot now be heard to raise this issue as reversible error based on the rape shield statute since it was deliberately brought into evidence in his defense. *Owens v. State* (1981), Ind., 427 N.E.2d 880, 885. Furthermore, it does not show incompetency of counsel since it is an isolated incident of trial strategy. Baggett presents no reversible error on this issue.

### II.

Baggett claims the trial court committed fundamental error by refusing his tendered instructions 7 and 9 and failing to instruct the jury on other applicable law. Baggett complains the final instructions lack instructions on credibility and reasonable doubt.

■ When we review a trial court's refusal to give instructions, we consider: 1)

whether the tendered instruction is a correct statement of the law; 2) whether there is evidence to support giving the instruction; and 3) whether the substance of the tendered instruction is covered by other instructions given by the court. *Gross v. State* (1987), Ind., 506 N.E.2d 17, 20. The choice of instructions lies largely within the trial court's discretion, and we will reverse only where there is an abuse of discretion. *Id.*

Baggett's tendered instruction 7, which the trial court refused, reads:

The jury is admonished that the fact that the Court has allowed a minor to testify in this case does not mean that the Court is stating that she is a credible witness for that is for you as trier of fact to decide.

Baggett's tendered instruction 9, which the trial court refused, reads:

The testimony of a child must be carefully scrutinized and cautiously examined.

Baggett's tendered instruction 8, which was read to the jury, states:

You are instructed that a minor witness must be held to the same tests of credibility that are given to an adult witness. Credibility of any and all witnesses is for the jury to decide.

It is not error to refuse an instruction when other instructions cover the subject. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1100.

Baggett further claims the court did not instruct the jury on credibility of witnesses nor on reasonable doubt. He admits these instructions were given in the preliminary instructions and no request was made by any of the parties to re-read any of the preliminary instructions. Ind.R.Crim.P. 8(G). The record shows the trial court gave instructions 12, 13, and 14, which addressed the manner in which the jury must decide in the event they have a reasonable doubt. Baggett has not demonstrated reversible error in the giving of instructions. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059.

## III.

Finally, Baggett claims he was denied effective assistance of trial counsel in several respects. We have already disposed of several of these claims. To prevail on this claim Baggett must show counsel's performance was so deficient he was not functioning as counsel as guaranteed by the Constitution and that this failure to function as counsel was so prejudicial as to deprive him of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied* (1984) 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown.

Baggett claims his trial counsel was ineffective for failing to object to the court's refusal to give tendered instructions 1, 2, 3, 4, 5, 7, and 9. He fails to include his tendered instruction in the motion to correct errors or in his brief so he has therefore waived error on this issue. *Atkinson v. State* (1986), Ind., 498 N.E.2d 389, 390. Furthermore, as we have indicated above, our review of the instructions shows that the refused instructions were adequately covered by those given by the trial court. Baggett therefore fails to establish that had counsel objected, the objection would have been sustained or that the outcome of the trial would have been different. Baggett fails in his burden of showing ineffective assistance of counsel meriting reversal on this issue.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.