**James HARRIS, Appellant (Petitioner),**

v.

**STATE of Indiana, Appellee (Respondent).**

No. 49A02–8612–PC–461.

Court of Appeals of Indiana, Second District.

March 3, 1988.
Rehearing Denied May 24, 1988.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Petitioner-appellant James Harris (Harris) appeals the denial of his petition for post-conviction relief,[1] claiming the post-conviction court erred by concluding that Harris failed to meet his burden of proof that he did not receive effective assistance of trial and appellate counsel because trial counsel waived reading aloud the preliminary instructions to the jury and because appellate counsel failed to include this alleged error in the direct appeal.

We affirm.

## FACTS

The facts most favorable to the post-conviction court's judgment indicate that in June, 1976, Harris was convicted of rape[2] at the conclusion of a jury trial. Harris was sentenced to a fifteen-year term of imprisonment. On direct appeal to the supreme court, that conviction was affirmed in March, 1978. *Harris v. State* (1978), 268 Ind. 12, 373 N.E.2d 149.

On June 25, 1985, Harris filed a *pro se* petition for post-conviction relief which was amended on March 21, 1986. Harris sought post-conviction relief upon the claim that his trial and appellate counsel were constitutionally deficient in their legal representation of him. At the commencement of the trial, the State and Harris' attorney waived the reading of preliminary instructions aloud to the jury. Apparently, the written preliminary instructions were also not given to the jury at the beginning of trial but were sent to the jury room at the time of their deliberations. Harris further maintained that his appellate counsel was ineffective by not including in his appeal the failure of the trial judge to read the preliminary instructions to the jury. The post-conviction court conducted a hearing on Harris' petition and denied post-conviction relief on August 1, 1986.

## ISSUES

Harris raises one issue for review, which we restate as the following two issues:

1. Whether the failure to read preliminary instructions to the jury is fundamental error?

2. Whether the post-conviction court erred in determining that Harris

---

1. Ind. Rules of Procedure, Post-Conviction Rule 1.

2. Burns Ann.Stat. § 10-4201 (1975) (recodified as Ind. Code 35-42-4-1).

failed to meet his burden of proof that he received ineffective assistance of trial and appellate counsel?

## DECISION

ISSUE ONE—Whether the failure to read preliminary instructions to the jury is fundamental error?

PARTIES' CONTENTIONS—Harris claims he was denied due process because the jurors heard the evidence without instruction on the issues of the trial, the burden of proof, credibility of witnesses, and the manner of weighing the testimony to be received.

The State responds that the explicit waiver of instructions is a permissible trial tactic.

CONCLUSION—The failure to read preliminary instructions to the jury is not fundamental error.

■ While a post-conviction action is not a substitute for direct appeal, a claim of fundamental error can be raised in a post-conviction petition regardless of whether such issue was waived in the direct appeal process. *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448; *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. A fundamental error must be one which is "blatant and which if not rectified would deny the petitioner 'fundamental due process'." *Haggenjos, supra,* at 450 (quoting *Bailey, supra* ).

■ "The impingement upon the fairness of the proceedings from the failure of the judge to read instructions aloud does not approach the fundamental error level." *Rice v. State* (1981), Ind., 426 N.E.2d 680, 682. The right is not of constitutional import; it does not require a knowing waiver by a defendant to forego the right, but rather is among those matters entrusted to the expertise of counsel which can be expressly waived. *Rowley v. State* (1982), Ind., 442 N.E.2d 343; *Rice, supra; see also Kimble v. State* (1983), Ind., 451 N.E.2d 302.

Harris focuses on the importance of preliminary instructions at the beginning of trial and distinguishes *Rice, Rowley,* and *Kimble* as involving only *final* instruc-

tions. It may be more instructive for the jury to learn before the presentation of evidence that the defendant is presumed · innocent, that the State must establish guilt beyond a reasonable doubt, that the jury is the sole judge of the facts, and so forth. However, the exact time when the jury hears preliminary instructions read aloud is not of sufficient importance to rise to the level of fundamental error. *Evans v. State* (1982), Ind., 438 N.E.2d 261; *see also Baggett v. State* (1987), Ind., 514 N.E. 2d 1244.

In support of our view, we observe that the federal rules do not require oral or written preliminary instructions prior to the commencement of trial. *Fed.R.Civ.P.* 51; *Fed.R.Crim.P.* 30. Most jurisdictions' rules dictate that the court need not instruct the jury before the close of trial, and merely permit the court to state to the jury their duties and the rights of the accused before any evidence is introduced. *E.g., State v. Crook* (1977), 98 Idaho 383, 565 P.2d 576. *See generally* 23A C.J.S. *Criminal Law* § 1299 (1961).

■ The jurors at Harris' trial received the written preliminary instructions prior to their deliberations. In accordance with Indiana law and the prevailing rule of this country, we find no fundamental error.[3]

ISSUE TWO—Whether the post-conviction court erred in determining that Harris failed to meet his burden of proof that he received ineffective assistance of trial and appellate counsel?

PARTIES' CONTENTIONS—Harris contends that his trial counsel disregarded Indiana law which mandates the reading of preliminary instructions to the jury immediately after the jury is sworn. Harris alleges the instructions were particularly important for the jury to resolve the conflicting testimony and credibility of his alibi witness and the victim. He further argues that his appellate counsel should have raised this issue.

The State responds this issue is waived as it was not raised in Harris' direct appeal.

---

**3.** While not raised by Harris, as indicated by our discussion in Issue 2, we do not consider failure to give written instructions after the jury

was sworn as required by Ind. Rules of Procedure, Trial Rule 51(A) and Criminal Rule 8(F), as constituting fundamental error.

CONCLUSION—The post-conviction court did not err in concluding that Harris failed to meet his burden of proof on the issue of ineffective assistance of trial and appellate counsel.

As with all post-conviction hearings, the petitioner bears the burden to establish his grounds for relief by a preponderance of the evidence. P.C.R. 1, § 5. Harris must satisfy this court that the evidence as a whole leads unmistakably and unerringly to the conclusion that his attorney's performance was so deficient that the errors resulted in such prejudice as to deprive him of a trial whose result is reliable. *See McCraney v. State* (1987), Ind., 508 N.E.2d 798, (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674); *see also Baggett, supra; Slaton v. State* (1987), Ind., 510 N.E.2d 1343.

The proper measure of an attorney's performance is reasonableness under prevailing professional norms. *Slaton, supra.* It is strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Judicial scrutiny of counsel's performance is deferential and should not be distorted by the exercise of hindsight. *Id.* Defense counsel's waiver of the *reading* of the instructions does not amount to ineffective assistance because we cannot expect defense counsel to have known at Harris' 1976 trial of the right to have instructions read to the jury, a right which did not come into existence until 1978. *See Purdy v. State* (1978), 267 Ind. 282, 369 N.E.2d 633; *see also Kimble, supra; Rice, supra.*

Trial counsel also waived submitting the *written* instructions to the jury when the jury was sworn. Indiana's procedural rules require that "[w]hen the jury has been sworn the court *shall* instruct in writing as to the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony to be received." T.R. 51(A) and C.R. 8(F) (emphasis supplied); *see also* IC 35–37–2–1 (1982).[4]

Whether Harris' trial counsel's performance was deficient or of possible benefit to Harris, is a matter we need not decide. Even if we presume counsel's performance was deficient, the *Strickland* test requires that the defendant be prejudiced by the deficient performance. Harris has offered no evidence demonstrating any prejudice. The jury did ultimately receive the preliminary instructions. We cannot assume they failed to follow those instructions.

Moreover, the trial result was reliable because there was strong evidence of guilt. The victim identified Harris as her attacker in a pre-trial line-up, in court, and by pre-trial voice identification. Additionally, Harris' fingerprints were matched to fingerprints lifted off a car touched by the attacker during the rape.

The unmistakable message of the federal rules regarding preliminary instructions is that while permissible, they are not a necessity. *See* Issue I, *supra.* So we do not perceive prejudice to a defendant by his counsel's lack of insistence on adherence to a rule which even the federal rules assess little significance.

Neither was appellate counsel deficient in failing to challenge the procedure relating to preliminary instructions followed by the trial court. It was not so erroneous as to warrant reversal by an appellate tribunal. *See Rice, supra.* A petitioner is not entitled to post-conviction relief on the ground of incompetence of counsel if there was no showing that had the omission been included properly on appeal the court would have ruled differently. *Brown v. State* (1984), Ind., 462 N.E.2d 56.

For the foregoing reasons, there was no error in the post-conviction court and its judgment should be affirmed.

GARRARD, P.J., and SULLIVAN, J., concur.

---

4. IC 35–37–2–1 was enacted in 1981 and was not in effect at the time of Harris' conviction in 1976. T.R. 51(A) and C.R. 8(F) were in effect at the time of conviction.