Marvin WASHINGTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8907–PC–596.

Supreme Court of Indiana.

April 18, 1991.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1977, appellant was convicted of Second Degree Murder. The trial court sentenced appellant to life imprisonment. This Court affirmed the conviction. *Washington v. State* (1979), 271 Ind. 97, 390 N.E.2d 983.

Following a hearing on this petition, the trial court made thorough findings of fact and conclusions of law and denied post-conviction relief.

■ Appellant first contends there was insufficient evidence to convict him of second degree murder.

He argues the State failed to prove he acted purposefully and maliciously. On direct appeal, this Court decided against appellant on this issue. *Id.* As stated in *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204–05, *cert. denied,* — U.S. —, 110 S.Ct. 268, 107 L.Ed.2d 218:

"An issue which is raised and determined adverse to petitioner's position is *res judicata.* (Citation omitted)."

Appellant urges this Court to adopt the standard of review of sufficiency of evidence under *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. However, this Court, as appellant admits, rejected this request in *Oates v. State* (1982), Ind., 429 N.E.2d 949 and *Norris v. State* (1981), 275 Ind. 608, 419 N.E.2d 129. We fail to find appellant's position persuasive. Thus this issue is not available for review. *Schiro, supra.*

Appellant contends he was denied his right to present his insanity defense by the exclusion of certain evidence, and the evidence was insufficient to prove he was sane.

Appellant again asks this Court to review the question of sufficiency of evidence on his sanity under *Jackson, supra.* Appellant recognizes this Court addressed the sanity issue in his direct appeal. We find this issue to be precluded by reason of *res judicata. Schiro, supra.*

Appellant also contends the court erred in refusing to admit a copy of his insanity plea in evidence. Again, this issue was addressed on direct appeal and is *res judicata. Id.*

Appellant urges that admission of his insanity plea would show that the insanity defense was not generated merely for trial. In his direct appeal, we stated:

"The trial court refused to admit into evidence defendant's exhibit A, which was his plea of not guilty by reason of insanity. The defendant contends that this was prejudicial to him in that the jury was unaware that he had raised the defense of insanity very early in the proceedings. The not guilty plea is not evidence, and even if testimony concerning it were admissible, it would only have been cumulative on the issue of defendant's sanity, and we cannot reverse on this point. (Citation omitted)." *Washington, supra* at 104, 390 N.E.2d at 988. We cannot say the trial court abused its discretion.

■ Appellant contends newly-discovered evidence requires a reversal. He asserts that the testimony of an onlooker, Reverend John Mills, is newly-discovered evidence that appellant was acting under sudden heat at the time of the killing.

At the post-conviction relief hearing, appellant called Reverend Mills to testify. Mills stated the victim chased appellant but slipped and fell. At this point, appellant turned around, came back and struck the victim with a 2 × 4. He vaguely remembered the victim having some type of weapon. Appellant's contention that the victim was armed was considered on direct appeal and decided against him. We find no merit to appellant's position.

■ Appellant also contends that Detective Parnell stated at the post-conviction relief hearing that appellant was intoxicated at the time of his statement, which was newly-discovered evidence requiring a reversal. Detective Parnell testified as follows:

"Q. Had he been drinking?

A. Yes, ma'am.

Q. How much had he been drinking?

A. I have no idea; you could smell it.

Q. Was he intoxicated?

A. I would say he would be impaired as far as driving; he understood, I believe, what we were talking about.

Q. Was his speech slurred?

A. No, ma'am."

We cannot say this evidence would warrant a new trial.

Appellant asserts a statement made by him was taken in derogation of his right against self-incrimination.

■ When the police arrived at the scene, appellant was taken to the hospital for treatment. While Detective Parnell was explaining the charges to appellant, appellant stated, "I tried to kill him." At that point, appellant signed a written statement to that effect. Parnell, on direct examination, stated that he had given appellant his *Miranda* rights orally. Appellant now contends the written statement was obtained in violation of his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

On direct appeal, the issue of the admissibility of the written statement was determined adversely to appellant. Thus this is not available to appellant on post-conviction relief. *Schiro, supra.* However, as the State indicates, appellant's position is without merit because the statement was volunteered. Volunteered statements do not require *Miranda* warnings. *See Lowery v. State* (1985), Ind., 478 N.E.2d 1214, *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900. In addition, appellant was advised of his rights and indicated that he understood them. We find no error.

Appellant asserts various instances of prosecutorial misconduct denied him a fair trial. He contends three instances of misconduct occurred. The standard for determining whether prosecutorial misconduct occurred was set forth in *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

■ Appellant alleges that the prosecutor elicited testimony from Detective Bollinger regarding his silence at the crime scene in violation of *Wainwright v. Greenfield* (1986), 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 and *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91. In addition, appellant cites this Court's opinion in *Sulie v. State* (1988), Ind., 522 N.E.2d 380 to support his position. The following occurred when Detective Bollinger testified:

"Q. Now at the time you so advised him of those particular rights, did you also inquire as to whether or not he understood the rights that you just advised him of?

A. Yes.

Q. And what was his response to that question Officer Bollinger?

A. He told me he understood and he didn't want to talk about it.

Q. He said specifically that he didn't want to talk about it?"

At this point, defense counsel objected and approached the bench. No record of the particular objection was made. At no time was the question answered. As the State properly notes, appellant did not cite anything in the prosecutor's argument or questioning of other witnesses to show his silence. Using the standards established in *Doyle* and *Sulie,* we cannot say the prosecutor's conduct was improper.

■ Appellant contends prosecutorial misconduct occurred when the prosecutor in his closing argument stated that a verdict of not guilty by reason of insanity would do nothing more than give the defendant a license to kill. Since this issue was decided adversely on direct appeal, it is not available on post-conviction relief. *Schiro, supra.*

■ Appellant likewise claims that during closing argument prosecutorial misconduct occurred in that the prosecutor attempted to intimidate the jury by pounding the murder weapon on the rail of the jury box. We cannot say the prosecutor's conduct here placed appellant in a position of "grave peril" as required by *Maldonado, supra.*

Appellant contends he was denied a fair trial when the court refused to read final instructions covering lesser-included offenses.

■ Appellant relies on *Purdy v. State* (1977), 267 Ind. 282, 369 N.E.2d 633 to support his position. In *Purdy,* an issue raised on appeal was whether the trial court erred by refusing to read both the preliminary and final instructions to the jury as requested by counsel. In deciding this issue, we stated:

"In this case, the trial court went further and not only sent the instructions into the jury room, but also failed to instruct the jury either preliminarily or finally in

open court. This duty was delegated to the foreman of the jury under circumstances where it cannot be known how the job was done, or whether it was done at all." *Id.* at 289, 369 N.E.2d at 636.

However, in *Rice v. State* (1981), Ind., 426 N.E.2d 680, this Court held that the defendant had not been denied effective assistance of trial counsel where counsel waived the reading of final instructions, reasoning that at the time of the trial, *Purdy* had not established the right to have the final instructions read in open court. In a later decision by this Court, *Kimble v. State* (1983), Ind., 451 N.E.2d 302, we stated:

"As found here, the defense counsel in *Rice* waived the reading of the final instructions. This Court held that since the decision was made before the clear right in *Purdy* was made known, defense counsel had done nothing wrong and the waiver did not amount to fundamental error. *Id.* 426 N.E.2d at 682. The same rationale applies here. *Purdy* was handed down in December, 1977, and appellant was convicted in September, 1977. There is no error on this issue." *Id.* 267 Ind. at 304, 369 N.E.2d 633.

In the instant case, the trial took place before the decision in *Purdy, supra.* The trial court in the instant case was operating without the decision in *Purdy,* just as counsel did in *Rice* and *Kimble.* Here, the jury *was* read preliminary instructions setting forth the offenses and then describing the lesser-included offenses. Then at the close of all the evidence, the trial court incorporated by reference its reading of those instructions. Thus the preliminary instructions *did* cover the lesser-included offenses and the trial court incorporated them by reference. We cannot say this was error by the trial court since *Purdy* had not been decided when this matter was tried.

▆ Appellant contends that even if no reversible error occurred in the trial court's failure to reread the instructions as final instructions, it was required to explain *sua sponte* what it meant for appellant to act in "sudden heat." We find no merit to appellant's contention in view of the evidence. On direct appeal, we stated the following:

"Two men, Richard Crenshaw and Vincent Hughes, came out of a pool room and were standing on the corner. They noticed that the defendant was across the street fighting with another man. The fight moved across the street to the pool room side and defendant began throwing bricks and rocks. One brick went through the window of the pool room and another hit Hughes. Hughes started chasing the defendant.

As they ran around the corner onto another street, Hughes tripped and fell. Defendant pulled a two-by-six board out of a trash barrel and struck Hughes upon the head. When Hughes sat up, defendant struck him over the head again, breaking the board. At this point Crenshaw reached the defendant and restrained him from striking Hughes a third time." *Washington, supra* 271 Ind. at 98–9, 390 N.E.2d at 985.

The evidence did not justify the trial court's giving of an instruction on sudden heat. *See Ward v. State* (1988), Ind., 519 N.E.2d 561. We find no error.

▆ Appellant contends his life sentence was inappropriate, arguing that it was manifestly unreasonable.

As the State notes, this issue was. available at the time of the direct appeal but has been waived for failing to raise it at that time. *See Lane v. State* (1988), Ind., 521 N.E.2d 947. However, we observe appellant's claim is without merit because the evidence was sufficient to establish a finding of second degree murder. We find no error.

Appellant also contends the trial court usurped the province of the jury by suggesting during *voir dire* that a conviction for second degree murder "calls for a life term, generally speaking." We do not agree. This was not an instruction to the jury. As the post-conviction court found, the jury was provided with proper verdict forms setting out the available sentences. We find no error.

Appellant contends he was denied the effective assistance of trial and appellate counsel, who was one in the same person.

Appellant lists numerous contentions of ineffectiveness of counsel.

This Court in *Aubrey v. State* (1985), Ind., 478 N.E.2d 70, discussed the standard of review for effective assistance of counsel. We will examine each of the alleged inadequacies under the two-part test in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ He contends counsel failed to investigate and to prepare his case adequately for trial, arguing the failure to locate Reverend Mills and to discover that appellant was intoxicated at the time of his statement to Detective Parnell amounted to ineffective assistance. We disagree. As noted above, testimony similar to Mills' was considered by this Court on direct appeal. In addition, appellant has not shown how the outcome would have differed. Under *Strickland, supra* we fail to see how counsel was ineffective.

Appellant argues the failure to object to the trial court's remark that second degree murder "calls for a life term, generally speaking" and to litigate the issue on appeal amounts to ineffective assistance of counsel. As discussed above, the jury was provided with verdict forms and the judge's comment was not an instruction. Counsel's failure to object hardly can be deemed ineffective under *Strickland, supra.*

Appellant claims counsel failed to object to the introduction of appellant's signed statement, "I tried to kill him." Because the statement was properly admissible, counsel was not ineffective.

Appellant argues counsel failed to make an adequate record preserving the entirety of the prosecutorial misconduct issues for appeal. As discussed above, appellant raised various claims of misconduct. One remark of misconduct by the prosecutor was the comment regarding the "license to kill" statement. However, on direct appeal, we disposed of this issue. Another claimed instance of misconduct is when the prosecutor slammed the weapon on the jury-box rail. He contends counsel's failure to make a record of this is inadequate representation. We disagree. As stated above, we found this not to be misconduct.

Appellant contends counsel failed to tender an instruction explaining sudden heat and failed to preserve on appeal the issue of the court's refusal to read final jury instructions defining the offenses. Again, this does not amount to ineffectiveness of counsel under *Strickland, supra* because an instruction on sudden heat was not appropriate. In addition, the trial court did not err in failing to read the final jury instructions because the rule as established in *Purdy, supra* had not been established yet. Thus counsel could not be deemed ineffective.

Appellant contends counsel failed to argue adequately at the hearing on his motion for a new trial and on appeal that newly-discovered evidence, that the victim had a knife, ought to result in a new trial. Appellant claims that the newly-discovered evidence warranted a new trial because it greatly bolstered the inference that he was acting in terror when he struck the victim. He also claims that the evidence would support a self-defense argument. We do not agree and cannot say that counsel was ineffective in this regard. Appellant's claim is nothing more than speculation. We cannot say the outcome would have been different. Counsel was not ineffective under *Strickland, supra.*

Appellant argues counsel failed to brief adequately whether the evidence was sufficient to support the conviction. We cannot say counsel was ineffective in this respect because the evidence clearly was sufficient to support the jury's verdict.

Finally, appellant contends counsel failed to specify as error and to argue on appeal appellant's life sentence. Again, we do not agree. As discussed above, the life term was appropriate. Thus counsel cannot be deemed ineffective. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., not participating.